**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 09-3273

—————————

UNITED STATES OF AMERICA

v.

LOWELL E. MCMICKENS,
                                        Appellant

—————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 08-cr-00366-001)
District Judge:  Honorable Christopher C. Conner

—————————

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2010

—————————

Before: McKEE, BARRY and GREENBERG, Circuit Judges

(Opinion Filed: April 12, 2010)

—————————

OPINION

—————————

BARRY, Circuit Judge

        Lowell E. McMickens appeals the sentence imposed by the District Court after

McMickens pled guilty to the receipt of child pornography.  McMickens claims that his

sentence should be vacated because the District Court did not adequately respond to his argument that the applicable section of the U.S. Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") should be accorded little deference. We will affirm.

**FACTS**

On February 20, 2009, McMickens pled guilty to a one-count information charging him with the receipt of more than 600 images of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (B). The images were found on his personal computers and storage devices after law enforcement officials executed a search warrant of McMickens's house on September 19, 2008. The search also uncovered images of a young girl in her underwear that were stored on a digital camera. The presentence report ("PSR") calculated a total offense level of 30 and a criminal history category of I. The Guidelines range was 97 to 121 months.

In his sentencing memorandum, McMickens argued, among other things, that U.S.S.G. § 2G2.2 represents congressional mandates and "does not exemplify the Sentencing Commission's exercise of its characteristic institutional role." (App. at 46.) At the sentencing hearing held on July 21, 2009, McMickens's attorney reprised this and other of his arguments. (*See, e.g.*, *id.* at 67-68 ("[T]he guideline is one that should be accorded less deference because it has developed in a way that was not consistent with the way in which the sentencing guideline [sic] was supposed to promulgate these guidelines based on empirical analysis, studies of past cases, but merely as a result of

2

congressionally directed amendments . . . .").  The District Court stated that it "will not presume that the guideline range is reasonable . . . [but rather] will make an individualized assessment based on the facts presented."  (*Id.* at 64.)

The District Court imposed a sentence of 109 months' imprisonment.  It then discussed the 18 U.S.C. § 3353(a) factors as they applied to McMickens's case.  It recounted the events that led to McMickens's arrest, including the discovery of over 100,000 images and 4400 movie files of child pornography on his four computers and two external hard drives, as well as images on his digital camera of a young girl in her underwear, posed inappropriately.  With respect to the latter, the Court noted that McMickens "was standing at the precipice of molestful conduct."  (*Id.* at 79.)  The Court considered McMickens's "positive upbringing," as well as his long struggle with child pornography and a criminal history that suggested a "potential to re-offend."  (*Id.* at 77-78.)  The Court concluded that the proliferation of child pornography is an "evil act . . . demand[ing] a lengthy term of incarceration."  (*Id.* at 79.)

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the substance of McMickens's sentence for abuse of discretion.  *United States v. Thielemann*, 575 F.3d 265, 270 (3d Cir. 2009); *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).  Our level of deference "will depend on the type of procedural error asserted on appeal."  *Wise*, 515 F.3d at 217.

3

**DISCUSSION**

The sole argument on appeal is that the District Court did not recognize and meaningfully respond to McMickens's assertion that U.S.S.G. § 2G2.2 is inherently flawed and recommends a sentence that is greater than necessary to achieve the goals of sentencing in his case. He maintains that its failure to do so amounted to a significant procedural error necessitating that we vacate his sentence and remand for re-sentencing.

Sentencing courts must engage in a three-step analysis to determine the appropriate sentence to impose on a defendant. *United States v. Tomko*, 562 F.3d 558, 577 n.16 (3d Cir. 2009) (en banc) (citing *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)). The parties agree that the District Court accurately calculated the Guideline range and that the second step in the analysis – i.e., departure motions – is not implicated here. The focus is on the final step, where a court is "required to 'exercise [its] discretion by considering the relevant § 3553(a) factors' in setting the sentence [it] impose[s] regardless of whether it varies from the sentence calculated under the Guidelines." *Id*. It is here that McMickens's alleges the Court failed to consider his arguments concerning the flaws in U.S.S.G. § 2G2.2.

Sentencing courts must give "meaningful consideration to all of the sentencing factors in 18 U.S.C. § 3553(a)," *United States v. Olhovsky*, 562 F.3d 530, 546 (3d Cir. 2009) (quotations and citation omitted), and "the record must show a true, considered exercise of discretion on the part of a district court, including a recognition of, and

4

response to, the parties' non-frivolous arguments," *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). When a defendant challenges one of the applicable Guidelines on policy grounds, the district court is not required "to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue." *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). Of course, the district court must set out its rationale for imposing a particular sentence to facilitate appellate review. "Merely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient to withstand our reasonableness review." *Jackson*, 467 F.3d at 842; *see United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008).

The District Court's treatment of McMickens's sentence was hardly a rote statement acknowledging his arguments and reciting the § 3353(a) factors. Rather, it demonstrated a thoughtful application of the § 3353(a) factors to McMickens's case and was a product of the Court's view of the seriousness of the conduct involved. The Court considered the nature and circumstances of the offense, the quantity of the illegal material discovered, McMickens's upbringing, his admitted interest in child pornography, his criminal history, and his possession of a digital camera with lewd images stored on it.

Although the District Court did not explicitly reference McMickens's policy challenge, its comments at sentencing struck at the heart of McMickens's contentions that § 2G2.2 results from congressional mandates and imposes too high a penalty in his "run

5

of the mill downloading case." (App. at 47.) The Court explained:

> There is perhaps no greater evil act or destructive images replicated on the
> Internet today than the proliferation of child pornography. Provision of a
> just punishment and deterrence demand a lengthy term of incarceration, and
> I note that Mr. McMickens could also benefit from correctional treatment . .
> . [The evidence] indicates that Mr. McMickens had access to minors and
> that he interacted with them in a devious manner. He was clearly one step
> from taking even more destructive action. A punishment in the mid range
> of the guideline range is necessary to protect the public . . . but not greater
> than necessary, to achieve sentencing objectives.

(*Id.* at 79.) These statements reveal the Court's rejection of McMickens's policy concern

that "people are getting years and years in prison just for clicking on a mouse." (*Id.* at

66.) Both in general and as applied in McMickens's case, the Court made clear that it

did not share his view of § 2G2.2; on the contrary, it found the midpoint of the

Guidelines range appropriate in light of the particular facts of McMickens's case. The

Court did not abuse its discretion in imposing this sentence. *See Thielemann*, 575 F.3d

at 270.

## CONCLUSION

We will affirm the judgment of sentence.