NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3367
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER MICHAEL RUDOW,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Number 09-cr-00062)
District Judge: Honorable Garrett E. Brown, Junior

_____

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before: FISHER, HARDIMAN, and COWEN, *Circuit Judges*.

(Filed: April 13, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Appellant Christopher Rudow challenges both the procedural and substantive reasonableness of his 326-month sentence after pleading guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a).  We will affirm.

**I.**

Beginning on Thanksgiving Day 2006 and continuing through January 2007, Rudow made several videos of himself sexually abusing his fourteen-year-old daughter.  After the victim disclosed the abuse to her mother, Rudow was arrested by local police.  A search of Rudow's home yielded several videos showing Rudow abusing his daughter as well as over twenty other videos depicting child pornography.

In February 2009, Rudow was charged with one count of production of child pornography under 18 U.S.C. § 2251(a).  Rudow pleaded guilty pursuant to a written plea agreement in which he stipulated that his offense involved sexual contact with his daughter.  The District Court calculated Rudow's advisory Guidelines imprisonment range as 292 to 360 months.  The severity of Rudow's Guidelines range was driven in part by his six prior felony convictions, which placed him in criminal history category VI.

At sentencing, Rudow neither challenged the calculation of his Guidelines range nor argued for a downward departure.  Instead, he requested a significant downward variance to 180 months, the minimum sentence allowed by statute.  In support of this request, Rudow argued that his lifelong heroin addiction severely impaired his ability to

make decisions and that a fifteen-year sentence would adequately reflect the seriousness of the offense. Rudow cited a study suggesting that he would pose a low risk of recidivism upon release and claimed the mandatory minimum would afford ample opportunity for rehabilitation. Finally, he argued that USSG § 2G2.1 was not entitled to deference by the District Court because it was improperly adopted by the United States Sentencing Commission.

Rejecting these arguments, the District Court found the Guidelines range "quite reasonable" given the facts of the case. The District Court focused in particular on the serious nature of Rudow's offense, its impact on his daughter, and Rudow's lengthy criminal history, which belied any suggestion that he posed a minimal risk of recidivism. Consequently, the District Court refused to vary downward and imposed a sentence of 326 months imprisonment, the midpoint of the advisory Guidelines range.

## II.

### A.

Rudow argues his sentence is procedurally unsound for three reasons.

First, he claims the District Court applied the "parsimony provision" of 18 U.S.C. § 3553(a) only within the confines of his Guidelines range of 292 to 360 months instead of within the statutory range of 180 to 360 months. Stated another way, Rudow contends the District Court mistakenly considered only what Guidelines sentence, and not what

sentence in general, would be "sufficient but not greater than necessary" to achieve the sentencing purposes enumerated in § 3553(a)(2).

To the extent Rudow implies that the District Court erroneously treated the advisory Guidelines range as mandatory, he is incorrect. The District Court explained that it was "look[ing] at the guidelines as guidelines" only. App. at 176. After considering Rudow's Guidelines range "in light of the sentencing factors under Section 3553(a)[,]" the District Court found that range "quite reasonable" and "appropriate" given the particular facts and circumstances of the case. *Id*. at 176, 180.

Nor did the District Court err by applying the parsimony provision only within Rudow's Guidelines range. Rudow correctly notes that after determining that the Guidelines were "reasonable" and "appropriate" in his case, the District Court stated it would "impose a concept of no more than necessary, leniency" to pinpoint a specific sentence within Rudow's broader Guidelines range. App. at 180. But Rudow ignores the District Court's earlier statement that it would look generally to the "sentencing factors under Section 3553(a)" and "try[] to impose a sentence . . . [that is] sufficient, but not greater than necessary, to comply with the statutory purpose." *Id*. at 176. The District Court then explained why the sentencing range yielded by the Guidelines was reasonable in light of the applicable § 3553(a) factors. *See* App. at 176-80. Accordingly, the District Court committed no procedural error in its application of the parsimony provision.

4

Rudow next claims the District Court committed procedural error by depriving him of an "individualized sentencing," *see United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc), when it placed undue emphasis on Congress's intent to punish child pornography offenses harshly. We disagree.

Under § 3553(a), a district court must consider, among other things, "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . ." 18 U.S.C. § 3553(a)(2)(A). Here, the District Court did just that, citing Congress's recent increase of the mandatory minimum set forth in § 2251(e) as evidence that Congress considered offenses under § 2251(a) to be quite serious. The District Court then proceeded to conduct the individualized sentencing analysis that Rudow claims was lacking. Specifically, the District Court considered the impact of Rudow's crime on the victim; the circumstances of Rudow's offense, including the fact that the victim was his daughter and that the offense involved physical sexual abuse; and, most significantly, Rudow's pervasive criminal history. The District Court's reliance on these factors—all of which were appropriately considered under § 3553(a)—demonstrates that Congress's intent to punish § 2251(a) offenses harshly was but one of several components that influenced the District Court's sentencing decision.

Finally, Rudow claims the District Court committed procedural error when it failed to consider and respond to several of his arguments. A district court need not "discuss every argument made by a litigant if an argument is clearly without merit." *United States*

*v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The record must demonstrate, however, that the district court recognized and responded to any non-frivolous arguments advanced by a defendant at sentencing. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

Rudow first contends the District Court failed to consider his argument for a downward variance based on the fact that his Guidelines range was unnecessarily close to the statutory maximum. It is clear from the record, however, that the District Court gave full consideration to Rudow's request for a downward variance. Although Rudow identified mitigating factors that supported a finding of reduced culpability, the District Court cited the following countervailing considerations: the offense involved a minor under the age of sixteen; the offense involved sexual acts; Rudow's conduct had a significant impact on the victim; and Rudow is the victim's father. *See* App. at 177-78. These factors, coupled with Rudow's extensive criminal history, supported the District Court's conclusion that the Guidelines range was "quite reasonable" despite its proximity to the statutory maximum. *Id*. at 176. In sum, the record demonstrates that the District Court recognized, responded to, and rejected Rudow's argument that the circumstances of this offense warranted a downward variance.[1]

---

[1] It is likewise apparent that the District Court considered and rejected Rudow's argument that his lifetime of heroin use warranted a downward variance. *See* App. at 177 ("Now, the argument that this is not the real defendant because he commits these crimes when he's under the influence of drugs is not a mitigating factor here, as counsel for the government appropriately argues."). Though the District Court's analysis of this specific argument was terse, it considered the argument and refused to accept it in light of other relevant factors under § 3553(a). This determination was not procedurally unreasonable.

Rudow also claims the District Court failed to consider his argument that the applicable Guideline, § 2G2.1, was not entitled to any deference because it had been adopted by the Sentencing Commission for improper reasons. Relying principally on *Kimbrough v. United States*, 552 U.S. 85 (2007), Rudow contends the District Court was required to respond to his argument that § 2G2.1 was neither supported by empirical evidence nor promulgated by the Sentencing Commission after consideration of the competing goals of sentencing.

Though Rudow's counsel raised this argument at sentencing, *see* App. 168-70, the District Court did not explicitly address the issue when explaining the rationale behind Rudow's sentence. We have held, however, that "*Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have a disagreement with the Guideline at issue." *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). In such circumstances, "a district court is not required to engage in independent analysis of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Id*.

Here, the District Court evaluated the facts of Rudow's case and found the Guidelines range "quite reasonable" in light of the factors set forth in § 3553(a). App. at

---

*See United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007) (affirming sentence despite cursory treatment of several arguments because "the District Judge apparently determined that [the] defendant's arguments were simply insufficient to warrant a below-Guidelines sentence" after considering the applicable § 3553(a) factors).

7

176. Because the District Court concluded that application of § 2G2.1 was appropriate given the circumstances of Rudow's case, it was not obligated to evaluate whether the Guideline provision had been properly adopted by the Sentencing Commission. *Lopez-Reyes*, 589 F.3d at 671. Accordingly, the District Court's failure to address Rudow's objections to § 2G2.1 explicitly did not render his sentence procedurally unreasonable.[2]

**B.**

Rudow also claims his sentence was substantively unreasonable because the District Court placed undue emphasis on a Guideline that was entitled to no deference. Citing the District Court's decision to accept the Guidelines range provided by § 2G2.1, Rudow argues that there "was simply no way the [District Court] . . . could find the Guidelines 'reasonable' and 'appropriate' without *first* . . . engaging in an analysis of how the Sentencing Commission came to implement the Guideline in question."

Rudow misunderstands the District Court's rationale for relying on the sentencing range yielded by § 2G2.1. The District Court did not simply defer to § 2G2.1 because it reflected Congress's intent to punish child pornography offenses harshly. Rather, the District Court accepted the applicable Guidelines range because it accurately and

---

[2] Nor do we accept Rudow's contention that the District Court ignored his argument that a downward variance was warranted because he posed a low risk of recidivism. Citing Rudow's extensive criminal history, the District Court found the "chance of recidivism is high" because "[n]othing, either in terms of incarceration or drug treatment, has stopped this defendant over a period of his 37 plus years of life." App. at 178. Though the District Court did not expressly mention a statistical study of recidivism rates by sex offenders cited by Rudow, it was aware of Rudow's argument and rejected it.

appropriately accounted for the § 3553(a) factors relevant to Rudow's case, which the District Court discussed in depth. *See* App. at 176-80. Because the District Court gave "rational and meaningful consideration [to] the factors enumerated in 18 U.S.C. § 3553(a)[,]" *Tomko*, 562 F.3d at 568, Rudow's 326-month sentence was substantively reasonable.

## III.

Having found no procedural or substantive error, we will affirm the District Court's judgment of sentence.