NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-2930

_____


UNITED STATES OF AMERICA

v.

GERALD GREGG,
Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-07-cr-00333-001)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2010

Before:  SLOVITER and HARDIMAN, Circuit Judges,
and POLLAK*, District Judge

(Filed : April 21, 2010)

_____

OPINION

_____

_____

* Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, *Circuit Judge*.

## I.

Appellant Gerald Gregg ("Gregg") pled guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, Gregg argues that the District Court failed to consider adequately his motions for a downward departure and variance and imposed an unreasonable sentence. We will affirm.

Gregg was arrested after making two sales of heroin to a government witness. Gregg pled guilty to count one of a two-count indictment. According to the Presentence Report ("PSR"), Gregg was a career offender with a total offense level of 29 and a criminal history category of VI, resulting in a Guidelines imprisonment range of 151 to 188 months.

At sentencing, Gregg moved for a downward departure and variance. In support, Gregg argued that his crimes resulted from his drug addiction and troubled childhood. Gregg also pointed to a fourteen-month period during which he did not commit any crimes, and twenty-four hours of drug and alcohol education that he completed. In addition, Gregg argued that the Guidelines sentence was inappropriate given the amount of heroin he sold. The Court sentenced Gregg to 151 months imprisonment and three years supervised release.

## II.

We first review a sentencing court's decision for serious procedural error and then

review the substantive reasonableness of the sentence for abuse of discretion. *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009).[1]

### III.

Under the Guidelines, a sentencing court may depart downward one criminal history category if the defendant's career offender status "substantially over-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S.S.G. § 4A1.3(b)(1). This court cannot review a sentencing court's refusal to grant a downward departure "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009) (quoting *United States v. Puckett*, 422 F.3d 340, 344-45 (6th Cir. 2005)).

Although the District Court did not expressly deny the motion for downward departure when it imposed a Guidelines sentence, both Gregg and the Government informed the District Court of its discretion to depart. We have held that in limited circumstances, we may infer that a sentencing court exercised its discretion not to depart. *United States v. Lofink*, 564 F.3d 232, 239 (3d Cir. 2009). Gregg argued that a departure was warranted based on his history of drug addiction. Yet the Guidelines explicitly state that "[d]rug or alcohol dependence or abuse is not a reason for a downward departure."

---

[1] This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

U.S.S.G. § 5H1.4. Gregg had five prior felony drug convictions and twenty-one criminal history points, and he committed the instant offense while on parole. Based on these facts, Gregg's career offender status did not overrepresent his extensive criminal history and likelihood of recidivism. Thus, we can infer that the District Court rejected Gregg's motion for downward departure.

Gregg's argument in support of a variance that the District Court erred by failing to consider the specific § 3553(a) factors is without merit. We have made clear that the sentencing court need not make explicit findings with respect to each factor. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). Instead, the record must simply demonstrate that all of the factors were taken into account. *Id.* Here, the District Court stated that it "ha[d] to give consideration to the elements that are in . . . [§ 3553(a)]." App. at 34. The Court referred not only to the "characteristics of the defendant" but also to the "seriousness of the offense," the need for deterrence, the "kind of sentences available," and the defendant's history of recidivism. App. at 52-53. We conclude that the record shows that the District Court adequately considered and denied Gregg's motion for a downward variance.

**IV.**

Gregg challenges the reasonableness of his sentence. Under the abuse of discretion standard, sentencing courts have wide latitude in crafting a reasonable sentence. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (citing

4

*United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007)). Here, the District Court explicitly referenced the § 3553(a) factors "to see how they impact in devising a reasonable sentence that might be different than the [G]uidelines." App. at 52. Because the District Court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), we cannot hold that its decision was unreasonable.

## V.

For the foregoing reasons, we will affirm the judgment of sentence entered by the District Court.