NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4596
_____

UNITED STATES OF AMERICA

v.

RICHARD LEITENBERGER, Appellant


_____


On Appeal from the United States District Court
For the District of New Jersey
(D.C. Crim. No. 1-09-cr-00261-001)
District Judge:  Honorable Robert B. Kugler
_____


Submitted under Third Circuit L.A.R. 34.1(a)
March 21, 2011

BEFORE:  FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Opinion Filed: March 31, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Pursuant to a plea agreement, appellant Richard Leitenberger pleaded guilty to possessing child pornography and was sentenced to 78 months imprisonment, five years of supervised release, a $100 special assessment, and enrollment in the sex offender registry.  He appeals his sentence.  For the reasons set forth below, we will affirm.

1

## I.

We write only for the parties and therefore discuss only the facts necessary to explain our decision.

In their Plea Agreement, Leitenberger and the Government stipulated that Leitenberger's base offense level for his crime under the United States Sentencing Guidelines was 18. They further stipulated that Leitenberger should receive a two-level enhancement because the material he possessed involved pre-pubescent minors, a four-level enhancement because the material depicted sadistic conduct and other depictions of violence, a two-level enhancement for the use of a computer, a two-level enhancement because the offense involved at least 10 but fewer than 150 images of child pornography, and a three-level reduction for acceptance of responsibility. Calculated using these stipulations, Leitenberger's total offense level was 25 and his criminal history category was I, which corresponded to an advisory sentencing range of 57 to 71 months.

The Probation Office calculated differently. Its Pre-Sentence Investigation Report ("PSR") rejected the stipulation as to the number of images and found that Leitenberger possessed 675 images because his offense involved the purchase of nine videos, which are equal to 75 images each according to Application Note 4(B)(ii) for § 2G2.2(b)(7) of the United States Sentencing Guidelines. Accordingly, it applied all the enhancements of the Plea Agreement, plus a five-level enhancement for the number of images. Its total offense level equaled 28, which corresponded to an advisory sentencing range of 78 to 97 months.

At the sentencing hearing, the District Court agreed with the PSR's proposed sentencing calculation. It then went on to apply the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) in order to determine whether it should vary from the Guidelines in Leitenberger's case. The District Court observed that Leitenberger had no criminal history, that he supported his family through good employment, and that there was evidence that he was depressed. The District Court further noted that Leitenberger had been taken advantage of by his father and brother. With regards to the specific nature of his offense, the District Court pointed out that Leitenberger had an interest in child pornography going back to 2004. After being solicited to buy child pornography from an undercover agent, Leitenberger exchanged several e-mails with that agent in which he explicitly asked for videos of underage girls. After recounting these facts, the District Court took into account the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment for the offense. The District Court then explained that Congress has chosen to attack child pornography at the retail level by making it a serious crime. Turning to the deterrent effect of Leitenberger's prosecution, the District Court was uncertain about its specific effect on Leitenberger, but sanguine about its general effects on others who might otherwise commit the crime. Finally, the District Court remarked that the issue of unwarranted sentencing disparities was not present in Leitenberger's case. For all of these reasons, the District Court declined to vary from the advisory guidelines sentences and imposed a sentence at the bottom of the advisory Guidelines range that included 78 months of imprisonment.

## II.

## A.

Leitenberger filed a timely appeal. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Leitenberger's challenge to his sentence under 18 U.S.C. § 3742(a).

Our review of whether a district court abused its discretion in imposing a sentence upon a criminal defendant is twofold. We first consider whether the sentencing court committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). If the district court committed no procedural error, we consider the sentence's substantive reasonableness. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

## B.

Leitenberger makes two arguments on appeal. First he argues that it was improper to reject the stipulation in the Plea Agreement as to the number of images, while simultaneously accepting that agreement's stipulations on the use of a computer and the

4

masochistic nature of the images.  Second, he says that the District Court failed to thoroughly consider the §3553(a) factors. We find each of these arguments unpersuasive.

The District Court was perfectly free to accept some stipulations while rejecting others because a plea agreement is an agreement between the defendant and the government prosecutor, not between the defendant and the court.  *See United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989) (declaring that there must be fairness in plea agreements and observing that such agreements are "between an accused and a prosecutor.").  As such, a district court is not bound by the parties' stipulations. *United States v. Ketcham*, 80 F.3d 789, 792 n.6 (3d Cir. 1996) ("A sentencing court is not bound by factual stipulations in a plea agreement and has discretion to make factual findings based on relevant information.").  Indeed, this basic tenet of sentencing was made clear to Leitenberger in the plea agreement, App. AA9 ("This agreement to stipulate . . . cannot and does not bind the sentencing judge"), and at his plea hearing, App. AA25 (noting that Leitenberger responded "Yes, I do sir" to the question "Now, I know there's a stipulation, an agreement about this.  But you need to understand that that's not binding on the court. Do you understand that?").  The District Court did not abuse its discretion when it found that Leitenberger possessed 675 images and used that fact as part of its sentencing calculation.[1]

---

[1] Leitenberger also argues for the first time on appeal that the enhancement for the number of images violates Constitutional principles underlying the separation of powers between our three branches of government.   The District Court did not commit clear error when it failed to address this argument without being prompted to do so by either of the parties.  *See United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (observing that District Courts are not required to independently scrutinize the policy and

Nor did it abuse its discretion when it accepted the stipulations that Leitenberger used a computer to commit his crime and that the images he possessed depicted sadomasochism or violence. Leitenberger admitted each of these things under oath and cannot now argue that it was clear error for the District Court to find that each was present. *See United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) ("When a defendant stipulates to a point in a plea agreement, he is not in a position to make . . . arguments [to the contrary].") (internal quotation marks omitted).

Finally, despite Leitenberger's arguments to the contrary, the District Court gave meaningful consideration to the appropriate factors under § 3553(a) and concluded that none of them supported a downward variance. *See United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008) (holding that courts must give meaningful consideration to the § 3553(a) factors). The District Court's explanation of his chosen sentence allows for meaningful appellate review and, after carefully considering that explanation, we see no abuse of discretion.

## III.

For the foregoing reasons, we conclude that the District Court's sentence is within the proper bounds of its discretion. We will affirm the judgment.

---

history of a Guideline when there is no disagreement about the Guideline among the parties).