**UNITED STATES of America**

v.

**Raul LOPEZ–REYES, Appellant.**

**No.  09–1243.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 18, 2009.

Opinion Filed:  Dec. 2, 2009.

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Christopher H. O'Malley, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Appellant Raul Lopez–Reyes appeals his 46 month prison sentence, which was imposed after he pled guilty to illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). We will affirm.

## I. BACKGROUND

Lopez–Reyes is a native and citizen of Mexico who, three times, entered the United States in an effort to secure employment so that he could financially support his family members living in Mexico. On December 16, 1994, shortly after his first entry into the United States, Lopez–Reyes pled guilty to robbery charges in New Jersey Superior Court and received a ten year prison sentence. He was deported on June 4, 1997. Less than four years later, on February 21, 2001, Lopez–Reyes again entered the United States, this time by way of the Rio Grande River. He was apprehended two days later at a Texas airport and subsequently deported after spending one day in prison.

Sometime before October 2005, Lopez–Reyes returned to the United States.[1] He settled in Atlantic City, New Jersey, where he worked at a restaurant. On December 9, 2007, he was pulled over for a routine traffic stop, but after the police officers smelled marijuana emanating from the vehicle and Lopez–Reyes produced a fraudulent driver's license, he was arrested. While in custody, he disclosed his illegal status.

Lopez–Reyes was charged with illegally re-entering the United States subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he pled guilty on August 11, 2008. With a total offense level of 21 (including a 16 level increase for the deportation following his state robbery conviction) and a criminal history category of III, the applicable Guidelines range was 46–57 months' imprisonment. At the sentencing hearing on January 8, 2009, the District Court imposed a sentence of 46

1. Lopez–Reyes was arrested in October 2005 on a charge that was ultimately dismissed. It is unclear how long he had been in the United States prior to that arrest.

months' imprisonment and three years of supervised release.

Lopez–Reyes timely appealed. He argues: (1) the District Court misapprehended its authority to categorically vary from the Guidelines range based solely on a policy disagreement with U.S.S.G. § 2L1.2; (2) his sentence is substantively unreasonable because the 16 level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) overstates the gravity of the offense; and (3) the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1)-(2) are unconstitutional.[2]

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3121, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

■ Sentencing courts must engage in a three-step analysis to determine the appropriate sentence to impose on a defendant. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006). The process begins by "correctly calculating the applicable Guidelines range." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir.2008). Of course, the Guidelines are only advisory, but they nonetheless provide the "initial benchmark." *Gall v. United States*, 552 U.S. 38, 39, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Next, the sentencing court must "formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation. . . ." *Wise*, 515 F.3d at 216 (quoting *Gunter*, 462 F.3d at 247). At the final step, the court is "required to exercise [its] discretion by considering the relevant § 3553(a) factors in setting the sentence [it] impose[s] regardless of whether it varies from the sentence calculated under the Guidelines." *Gunter*, 462 F.3d at 247 (internal citations omitted).

■ When reviewing a sentence on appeal, we first make certain that the sentencing court did not commit a serious procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range [or] treating the Guidelines as mandatory. . . ." *Gall*, 552 U.S. at 51, 128 S.Ct. 586. We then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard," while keeping in mind that "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218.

## III. DISCUSSION

### A. *Application of U.S.S.G. § 2L1.2*

Pursuant to U.S.S.G. § 2L1.2, a defendant convicted of unlawfully entering the United States is given a base offense level of 8. In those instances where the defendant was previously deported after "a conviction for a felony that is . . . a crime of violence," the offense level is increased by 16 levels.[3] U.S.S.G. § 2L1.2.

Lopez–Reyes argues that the District Court "fundamentally misapprehended its authority to vary from the application of § 2L1.2 in this case based on the fact that the Guidelines range produced was too high to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." (Appellant's Br. at 11–12.) He argues that

---

**2.** Lopez–Reyes concedes that "this issue is foreclosed by precedent. . . ." (Appellant's Br. at 27 n. 3.) We agree.

**3.** A "crime of violence" includes a state conviction for robbery. U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). Lopez–Reyes does not dispute that he previously committed a robbery offense. (App. at 84.)

§ 2L1.2 is unreasonable, and that the Court "engaged in no independent analysis of [his] arguments regarding the problems with § 2L1.2, including that it was enacted by the Sentencing Commission with little deliberation and no empirical justification." (*Id.* at 15.)

■ Lopez–Reyes turns to *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to support his argument that a court may disregard the Guidelines range based on a policy disagreement. As this Court has made clear, however, *Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue. *United States v. Arrelucea–Zamudio,* 581 F.3d 142, 148–49 (3d Cir.2009); *Gunter,* 462 F.3d at 249 ("[T]he District Court is *under no obligation* to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential.") (emphasis added). Furthermore, a district court is not required to engage in "independent analysis" of the empirical justifications and deliberative undertakings that led to a particular Guideline. *See United States v. Aguilar–Huerta,* 576 F.3d 365 (7th Cir. 2009) ("[A judge] should not have to delve into the history of a guideline so that he can satisfy himself that the process that produced it was adequate to produce a good guideline."); *United States v. Duarte,* 569 F.3d 528, 530 (5th Cir.2009) ("*Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines.").

■ At his sentencing hearing, Lopez–Reyes argued that the Guidelines range (in particular, the 16 level increase) "is disproportionate and it is not supported through case law as cited through any type of empirical data or rational basis showing the need for a 16 point enhancement that my client has suffered." (App. at 73.) The District Court gave him a full opportunity to explain why the relevant Guideline was unreasonable, both in general and as it applied to his specific case. Having heard from both parties, the Court noted that "the guidelines represent the institutional authority of the Commission and Congress." (*Id.* at 77.) Although the Court stated that "a court's determination [that] a guideline sentence does not satisfy the goals of sentencing in an ordinary case would be subject to close review," it was also explicit that the Guidelines "are no longer mandatory and the Court should use them in an advisory fashion." (*Id.* at 77, 80.) It then explained that "the Sentencing Commission and Congress have determined [that this provision] meets the goals of sentencing." (*Id.* at 80.) Finding "nothing before this Court to suggest to the contrary," the Court declined to depart from the "advisory guideline range." (*Id.* at 80–81.) Thus, it is apparent that the Court was aware of the discretionary nature of the Guidelines and its authority to impose a sentence outside of the prescribed range. It had no obligation to exercise that discretion in favor of Lopez–Reyes.

B. *Reasonableness of Lopez–Reyes' Sentence*

■ Lopez–Reyes next argues that his 46 month sentence is "substantively unreasonable because the 16–level enhancement in § 2L1.2 severely overstated the gravity of his illegal reentry offense." (Appellant's Br. at 18.) In particular, he argues that § 2L1.2 imposes a base offense level that is equal to or greater than the level applied to those convicted of violent felonies, that it "unfairly counts criminal history twice," and that it overstates a defendant's

potential for dangerousness and risk of recidivism. (*Id.* at 18–20.)

"If we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *Wise,* 515 F.3d at 218; *see Gall,* 552 U.S. at 50, 128 S.Ct. 586. District courts are required to consider the § 3553(a) factors as they apply to a particular defendant, and on appeal, the standard of review is deferential. We will affirm the sentence imposed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko,* 562 F.3d 558, 568 (3d Cir.2009) (en banc).

The applicable Guidelines range here is not rendered unreasonable simply because § 2L1.2 establishes a base offense level for a nonviolent offense that is equal to or greater than that of certain violent offenses. Congress "has the power to define a crime and set its punishments." *See United States v. MacEwan,* 445 F.3d 237, 252 (3d Cir.2006). Furthermore, with respect to Lopez–Reyes' "double counting" argument, we have "recognized that the Guidelines explicitly note when double counting is forbidden." *United States v. Fisher,* 502 F.3d 293, 309 (3d Cir.2007); *see also* U.S.S.G. § 2L1.2 cmt. n. 6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points...."); *United States v. Ruiz–Terrazas,* 477 F.3d 1196, 1199 (10th Cir.2007) ("[W]e have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where ... the Guidelines authorize it."). Lopez–Reyes' claim that the sentence he received resulted from a Guideline that misjudged his potential for dangerousness and risk of recidivism is equally without merit.

Lopez–Reyes argues next that given his "acceptance of responsibility for his actions, sympathetic reasons for reentering the United States, steady work history while in the United States and a relative [sic] moderate criminal history, it would appear that the statutory directives contained in Section 3553(a) would have been better served by a below-Guidelines sentence." (Appellant's Br. at 26.) (citation omitted). The District Court considered these factors, but it did not share Lopez–Reyes' conclusion. It noted that Lopez–Reyes had been deported on other occasions, and it inquired into his criminal past. The Court also gave him credit where it was deserved:

> Appellant's Attorney: Lopez–Reyes did avail himself to a proffer session related to activity he knew of coyotes taking people across the border ... it did not meet the level of substantial assistance, but nonetheless he did avail himself to cooperate.
>
> District Court: You are getting good grades.
>
> Appellant: Thank You.
>
> District Court: You think you could do a little better than a hundred?
>
> Appellant: Yes. I tried to behave well and to help out in church and help other people.
>
> District Court: Well, you've done well.

(App. at 84–85.) Nonetheless, the Court noted that however good Lopez–Reyes' motives for reentering the United States were, he broke the law and illegally entered three times. It stated that his sentence was intended to deter him specifically, as well as provide general deterrence to others, and it concluded that the sentence

"will promote respect for the law and will be an opportunity for the defendant to continue the educational training that he has received that he thus far as [sic] has done well at." (*Id.* at 90–91.) With that, it rejected the government's call for a sentence in the middle of the Guidelines range, and instead sentenced Lopez–Reyes to 46 months' imprisonment—the bottom of the range—followed by a term of supervised release for three years. Because this sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise,* 515 F.3d at 218.

## IV. CONCLUSION

The judgment of sentence will be affirmed.