**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4319

UNITED STATES OF AMERICA

v.

REXFORD LENUAL HOSANG,
Appellant

(D.C. Crim. No. 09-cr-00281-001)

No. 09-4378

UNITED STATES OF AMERICA

v.

MANUEL LOPEZ-CORTEZ,
Appellant

(D.C. Crim. No. 09-cr-00509-001)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge:  Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

—————

OPINION

—————

BARRY, <u>Circuit Judge</u>

Appellants Rexford Lenual Hosang and Manuel Lopez-Cortez appeal their 46-month sentences.[1]  We will affirm.

I.

<u>Hosang</u>

In 2003, after a state court drug conviction that led to a sentence of more than 13 months, Hosang was deported.  In 2008, he illegally re-entered the United States to be with his ailing wife.  Thereafter, he was charged with and pled guilty to illegally re-entering the United States subsequent to a conviction for the commission of an aggravated felony, 8 U.S.C. § 1326(a) & (b).  His Guidelines range was 46 to 57 months imprisonment, and the District Court sentenced him to 46 months imprisonment.

<u>Lopez-Cortez</u>

In 1988, after being sentenced to one year imprisonment for attempted robbery and attempted bail jumping, Lopez-Cortez was deported.  He illegally re-entered the United States.  Like Hosang, he was charged with and pled guilty to illegally re-entering the

_____

[1] Although Hosang and Lopez-Cortez were not co-defendants, we granted the government's uncontested motion to consolidate these appeals.

United States subsequent to a conviction for the commission of an aggravated felony, 8 U.S.C. § 1326(a) & (b). His Guidelines range was also 46 to 57 months imprisonment, and he too was sentenced to 46 months imprisonment.

On appeal, appellants both argue: (1) that the District Court misapprehended its authority to categorically vary from the illegal re-entry Guideline based solely on a policy disagreement; and (2) that their Fifth and Sixth Amendment rights were violated when their maximum sentence exposure was increased based on a prior conviction that was neither admitted nor proven to a jury beyond a reasonable doubt. [2]

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the sentences imposed for reasonableness and will not reverse absent an abuse of discretion. *See United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

Pursuant to U.S.S.G. § 2L1.2, a defendant convicted of unlawfully entering the United States has a base offense level of 8. Where, as in Hosang's circumstances, a defendant was deported after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months," U.S.S.G. § 2L1.2(b)(1)(A)(i), and where, as in Lopez-Cortez's circumstances, a defendant was deported after "a conviction for a felony that is . . . a crime of violence," U.S.S.G. §

---

[2] Both appellants concede that Supreme Court precedent forecloses this argument. We agree.

2L1.2(b)(1)(A)(ii) & cmt. 1(B)(iii), 5, the offense level is increased by 16 levels.

Appellants argue that the District Court erred by misapprehending its authority to vary from the application of § 2L1.2 based on the fact that the Guidelines range, when applied to them, produced excessive sentences. We recently rejected this very argument in *United States v. Lopez-Reyes*, 589 F.3d 667 (3d Cir. 2009). There, we held that a district court is not required to reject a particular Guidelines range where the court does not disagree with the Guideline at issue. *Id.* at 671. Moreover, a district court is also "not required to engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Id.*

In separately sentencing both defendants on the same day, the District Court provided both defendants with a full opportunity to extensively argue why § 2L1.2 was unreasonable, both in general and as applied. In both cases, the Court noted that § 2L1.2 was a harsh enhancement, but also noted that it found instructive the fact that the Sentencing Commission has not revisited § 2L1.2 despite commentary from courts and others criticizing the Guideline. There was no abuse of discretion here. *See Lopez-Reyes*, 589 F.3d at 671.

III.

The judgments of sentence will be affirmed.