NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-5083

———

UNITED STATES OF AMERICA

v.

MAXWELL DUNCAN,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-03-cr-00735-001)
District Judge: Honorable Harvey Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2010

Before: McKEE, Chief Judge, SLOVITER, and COWEN, Circuit Judges.

(Filed:  November 10, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge*.

In October 2004, a jury found Maxwell Duncan guilty of twenty counts of wire fraud, committed in violation of 18 U.S.C. § 1343. The District Court sentenced Duncan to thirty-seven (37) months imprisonment on each count to be served concurrently, followed by three years supervised release, and ordered Duncan to pay $95,400 in restitution and a $2,000 penalty due immediately. In *United States v. Duncan*, 197 F. App'x 94, 98 (3d Cir. 2006), we vacated and remanded his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). Upon remand, the District Court resentenced Duncan to the same terms as previously imposed. Duncan appeals, arguing that his sentence is substantively unreasonable.[1] We review for an abuse of discretion, keeping in mind that "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of [18 U.S.C. §] 3553(a) factors, we must affirm."[2] *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009) (quotation and citation omitted).

---

[1] Duncan does not assert his sentence was procedurally unreasonable, nor could he. The District Court properly calculated Duncan's offense level under the guidelines, and acknowledged their advisory nature. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). The Court also explained its chosen sentence, which was not selected based on a clearly erroneous fact, and meaningfully considered the factors in 18 U.S.C. § 3553(a). *See id.*

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. §§ 1291 and 3742(a).

2

Duncan's thirty-seven (37) month sentence of imprisonment was at the high end of, although still within, the Guideline range. "A sentence that falls within the recommended Guidelines range, while not presumptively reasonable, is less likely to be unreasonable than a sentence outside the range." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). Nothing precludes a resentencing court from imposing the same sentence or even a greater sentence than it did initially. *See, e.g.*, *United States v. Medley*, 476 F.3d 835, 840 (10th Cir. 2007); *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006). In our remand we did not suggest that we had any problem with the sentence as such.

Duncan asserts that the sentence is unreasonable because it was greater than necessary to achieve the statutory goal of sentencing, as proscribed by the overarching instruction of the parsimony provision of 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . . ."); *see generally United States v. Olhovsky*, 562 F.3d 530, 548 (3d Cir. 2009). He emphasizes that the District Court failed to accord adequate weight to his lack of a criminal history, especially in consideration of the need to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). The decision by the Court not to give this factor the weight Duncan contends it deserves does not by itself render his sentence unreasonable. *See Lessner*, 498 F.3d at 204. The appropriate inquiry is whether the District Court's sentence "was premised upon appropriate and judicious consideration

3

of the relevant factors." *Id*. (quotation and citation omitted).

At the resentencing hearing, the District Court heard argument from both Duncan and his counsel, who emphasized Duncan's lack of criminal history. The Court also heard from counsel for the Government, who responded that Duncan's "[l]ack of any criminal history does not change the fact that this was a serious offense that [Duncan] committed," App. at A6, and reminded the Court that Duncan had committed perjury during his trial and produced false documents to the court. The District Court explicitly stated that it agreed with the Government, noting that Duncan's crime was indeed "very serious" in that he "defrauded a religious institution," "prayed on unsuspecting people, unsophisticated people," and that Duncan "had the sophistication . . . and took advantage of them." App. at A10-11.

The District Court addressed the parsimony provision of 18 U.S.C. § 3553(a), recognizing that it was required to sentence Duncan "in a way that would be sufficient but not greater than necessary[.]" App. at A10. It concluded that "the sentence of 37 months is necessary to provide a just punishment for these offenses[,]" and also found that "the seriousness of the offenses, [and] the need to promote respect for law" justified the term. *Id*.

The Court was not required to state "that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in [18 U.S.C.] § 3553(a)(2)." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006). The record demonstrates that the

District Court's sentence "was premised upon appropriate and judicious consideration of the relevant factors," *Lessner*, 498 F.3d at 204 (quotation omitted), and was therefore substantively reasonable. Accordingly, we will affirm.