NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2462
_____

UNITED STATES OF AMERICA

v.

FREDY GABRIEL GUEVARA-ZELAYA,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-11-cr-00064-001)
District Judge:  Hon. Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
January  13, 2012

Before:  McKEE, *Chief Judge,* FUENTES and JORDAN, *Circuit Judges*.

(Filed: January 24, 2012)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Fredy Guevara-Zelaya appeals the 77 month sentence imposed on him following

his guilty plea to a charge under 8 U.S.C. § 1326 of illegally reentering the country after

removal.  Guevara-Zelaya claims that the District Court erred in applying a 16-level

sentencing enhancement pursuant to U.S.S.G. § 2L1.2, rendering his sentence substantively unreasonable. There was no error, and we will affirm.

## I.    Background

Guevara-Zelaya, a citizen of Honduras, entered the United States along with his family in 1994. On March 12, 2004, he was convicted in New Jersey Superior Court of possessing cocaine with intent to distribute within 1,000 feet of a school, in violation of N.J. Stat. Ann. § 2C:35-7, and was sentenced to four years' imprisonment. Guevara-Zelaya's offense constituted an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(B), and, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), he was removed to Honduras on January 19, 2006.

Sometime after his removal, Guevara-Zelaya illegally reentered the United States. On October 11, 2009, during a motor vehicle stop in Jersey City, New Jersey, Guevara-Zelaya was arrested on an outstanding warrant. Later that day, U.S. Immigration and Customs Enforcement agents found him at the Hudson County Jail in Kearny, New Jersey.

As part of a plea agreement with the United States, Guevara-Zelaya pleaded guilty to illegally reentering the United States after removal for an aggravated felony, in violation of 8 U.S.C. § 1326. The presentence investigation report ("PSR") prepared in anticipation of sentencing calculated an offense level of 21. That offense level included a base level of 8, a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, and a 3-level reduction for acceptance of responsibility. The PSR also calculated Guevara-Zelaya's criminal history category, noting it as category VI, based on his 17 criminal history

2

points, which reflects what he concedes is a long criminal record.[1] (*See* Appellant's Opening Br. at 4.) With an offense level of 21 and a criminal history ranking of category VI, Guevara-Zelaya's advisory guideline range was 77 to 96 months' imprisonment.

Prior to sentencing, Guevara-Zelaya sent a letter to the District Court requesting a downward variance "based on the [18 U.S.C.] §3553(a) factors, as well as the flawed policy behind the applicable sentencing provision, U.S.S.G. §2L1.2." (App. at 57.) At the sentencing hearing on May 18, 2011, the District Court considered those arguments and decided not to exercise its discretion to vary downward. Considering the § 3553(a) factors, the District Court imposed a sentence of 77 months' imprisonment, the bottom of the guideline range.[2] Guevara-Zelaya filed a timely notice of appeal.

## II.    Discussion[3]

On appeal, Guevara-Zelaya argues that the application of § 2L1.2 to his case produces a sentence that is substantively unreasonable.[4] We review substantive

---

[1] Guevara-Zelaya has been arrested twenty times since 1996 on numerous charges including receiving stolen property, hindering apprehension, resisting arrest, trespassing, obstruction of justice, bail jumping, domestic violence, child molestation, assault, and various drug-related offenses.

[2] The District Court also sentenced Guevara-Zelaya to 3 years of supervised released and ordered him to pay a special assessment of $100.

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[4] We have previously upheld sentences imposed on the basis of U.S.S.G. § 2L1.2, rejecting arguments that that guidelines section is unreasonable and without a proper foundation. *See United States v. Lopez*, 650 F.3d 952, 967 (3d Cir. 2011) (holding that § 2L1.2 is not unreasonable and that "District Courts [are] not required to disregard § 2L1.2[] when they [do] not disagree with it"); *United States v. Lopez-Reyes*, 589 F.3d

reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "We afford deference to the District Court because it is in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (internal quotation marks and citations omitted). When a sentence is "procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Guevara-Zelaya does not contend that there was any procedural error in the calculation of his sentence. Focusing on substantive reasonableness, he instead asserts that the District Court failed to properly weigh his "acceptance of responsibility for his actions and the nature of his personal history and characteristics, including his motivation for returning to the country and efforts to build a more productive life." (Appellant's Opening Br. at 16.) Further, Guevara-Zelaya contends that the "sentence imposed overstated the gravity of [his] crime and exceeded what was necessary to meet the sentencing goals set forth in § 3553(a) in his particular case." (*Id.*) We disagree.

Here, the District Court carefully considered the guidelines range and decided not to exercise its discretion in favor of a downward variance. The District Court considered the § 3553(a) factors and found that the guideline range was appropriate in this case.

---

667, 672 (3d Cir. 2009) (stating that "[t]he applicable Guidelines range here is not rendered unreasonable simply because § 2L1.2 establishes a base offense level for a nonviolent offense that is equal to or greater than that of certain violent offenses. Congress 'has the power to define a crime and set its punishments'" (quoting *United States v. MacEwan*, 445 F.3d 237, 252 (3d Cir. 2006))).

4

Considering the extensive criminal history of the defendant "which [gave] the Court great concern as to further dangerous criminal behavior and further violation of the immigration laws," the Court imposed a sentence at the bottom of the guideline advisory range, finding it "sufficient, but not greater than necessary to comply with the statutory purposes." (App. at 76, 79.) The Court also determined that the sentence imposed would "reflect the seriousness of the offense, ... provide just punishment and afford adequate deterrence to reentry by those deported for conviction of crime, and will protect the public from further crimes of the defendant, and will avoid unwarranted disparities." (App. at 79-80.) Because Guevara-Zelaya's offense and criminal history suit him for the sentencing range set forth in § 2L1.2, we see no abuse of discretion in the District Court's decision not to vary from that range. The sentence was substantively reasonable.

## III. Conclusion

For the foregoing reasons, the judgment of the District Court will be affirmed.