NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2030
_____

UNITED STATES OF AMERICA,

v.

RAUL RODRIGUEZ,
a/k/a
JULIAN RODRIGUEZ,
a/k/a
CARLOS HERIBERTO RIOS CABELLO

RAUL RODRIGUEZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cr-00614-202)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and RAKOFF,[*] *District Judge*.

(Filed: July 2, 2012  )
_____

OPINION OF THE COURT
_____

_____

[*] The Honorable Jed S. Rakoff, District Judge for the United States District Court
for the Southern District of New York, sitting by designation.

RAKOFF, *District Judge*.

Raul Rodriguez ("Rodriguez") appeals from a judgment of sentence entered by the District Court. On appeal, Rodriguez challenges the substantive reasonableness of the District Court's imposition of a 292 month term of imprisonment. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On August 29, 2009, Raul Rodriguez was arrested in connection with participating in a heroin trafficking organization. Rodriguez's role in the organization was to package the heroin for shipment. During the investigation and after the arrest of Rodriguez and his codefendants, the Government recovered approximately 190 grams of heroin, approximately 97 grams of which were recovered from the residence where Rodriguez and one of his co-defendants were arrested. On May 17, 2010, Rodriguez pled guilty to three counts in the Superseding Indictment: one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846; one count of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and one count of reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

2

Rodriguez had been previously convicted of several drug trafficking offenses. Most recently, on November 5, 2002, he was convicted in federal court of distribution of controlled substances (heroin and crack cocaine), and sentenced to 63 months' imprisonment. As a non-U.S. citizen, after his release, he was deported from the United States and flown to the Dominican Republic on April 23, 2008.

On April 6, 2011, the District Court held a sentencing hearing, during which the Court calculated the Sentencing Guidelines offense level at 35 and placed Rodriguez in criminal history category VI. The resulting Guidelines range was 292 to 365 months' imprisonment. At sentencing, Rodriguez's attorney argued for a bottom-of-the Guidelines sentence, or a non-Guidelines sentence, on the ground that a sentence of 365 months might lead to Rodriguez's dying in prison with no chance for rehabilitation.

Before imposing the sentence, the District Court discussed the factors it considered relevant to the sentence. The District Court said that the defendant was "a middle manager of a significant drug organization," who had "two prior state convictions for drugs and one federal conviction for drugs," and that, after being deported, Rodriguez had returned to the United States "almost immediately and resumed [his] participation in the drug trade . . . [which] indicate[d] that [he is] a danger to the community." Moreover, the Court noted that although Rodriguez had been in the United States for many years, he had never held a legitimate job and had used drug trafficking to support himself and his family.

After discussing the factors it deemed relevant, the District Court imposed a bottom-of-the-Guidelines sentence of 292 months' imprisonment, followed by 8 years' supervised release. Rodriguez filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a challenge to a sentence's substantive reasonableness under an abuse of discretion standard, pursuant to *Gall v. United States*, 552 U.S. 38 (2007). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc), and we will not reverse the sentence imposed "unless no sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (describing review as "highly deferential" to sentencing court's application of the § 3553(a) factors). To this end, "the party challenging the sentence has the burden of demonstrating unreasonableness." *Id.* at 567.

## III.

Rodriguez argues that the sentence of 292 months' imprisonment was greater than necessary to satisfy the § 3553(a) factors. Although he conceded that the District Court's

4

sentence was at the bottom of his applicable Guidelines range of 292-365 months, Rodriguez argues that the Career Criminal Enhancement in the Guidelines is "per se unreasonable," and unreasonable here, since it "arbitrarily" and "mechanically" increased his Guidelines range from 92-115 months to 292-365 months. Rodriguez also argues that the Guidelines range for drug offenses like his heroin convictions, as well as the ten-year mandatory minimum applicable to his convictions, are greater than necessary to achieve the purposes set forth in § 3553(a). These arguments fail, however, as the District Court was not required to engage in an independent analysis of the validity of particular Guidelines. *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009).

Here, the record reflects the District Court's rational and meaningful application of the § 3553(a) factors to the circumstances of this case. The Court provided an evaluation of the relevant § 3553(a) factors as applicable to the defendant and explained how it reached its sentencing decision. The Court fashioned its Guidelines sentence based on "appropriate and judicious consideration of the relevant factors," *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007), and imposed a bottom-of-the-Guidelines-range sentence. Indeed, this was the sentence Rodriguez's attorney requested as the "starting point" during the sentencing hearing, as opposed to the Government's argument for a top-of-the-Guidelines-range sentence. Accordingly, we cannot conclude that Rodriguez's sentence was substantively unreasonable.

IV.

5

For the foregoing reasons, we will affirm the order of the District Court.