NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-3836

———————

UNITED STATES OF AMERICA

v.

JERMAINE LOUIS
a/k/a Big J,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 3-10-00470-001)
Honorable Peter G. Sheridan, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
October 2, 2012

BEFORE:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Filed: October 3, 2012)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from the sentence imposed in

a judgment of conviction and sentence entered on October 7, 2011, on the basis of the

defendant Jermaine Louis's plea of guilty to an indictment charging him under 18 U.S.C.

§ 922(g)(1) with unlawfully possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Based on Louis's offense level and his criminal history category and taking into account the applicable statutory maximum sentence allowable, the District Court calculated Louis's custodial guidelines range as 110 to 120 months. The Court, however, varied downwards from that range and imposed a custodial sentence of 98 months to be followed by a three-year term of supervised release. This appeal followed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Louis views the issue on this appeal as involving procedural unreasonableness. He thus contends that we review the sentence for an abuse of discretion, citing Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007), and the government agrees that he correctly sets forth the standard of review.

After hearing lengthy oral argument, the District Court gave the following explanation when it imposed the sentence.

> So, at any rate, the concern that I have is Mr. Louis' background. It seems that, as [defense counsel] says, he had a deplorable childhood; he was living in a car; his mother was a crack addict; he can only read a little English, so he has very few skills in terms of being able to read and write; and his father had no real significant involvement with him during his youthful years, and things of that nature. Which the extent of it in this case seems to be very pervasive in Mr. Louis' personality. And it seems that that should be weighed in to the sentencing here in some fashion.

> Also, one of the [section] 3553 factors is that we weigh the circumstances of the offense, and the history and characteristics of the defendant. So, although we've considered under the sentencing guidelines

2

to make Mr. Louis a criminal history six, that six doesn't really reflect the other part of his personality traits or how he was brought up.

So, the Court thinks that needs to be somehow weighed in on this. Based on that, I'm going to vary downward from a 25, level six, to a 23, level six, to consider Mr. Louis' background.

The other factors we consider when we sentence a defendant are both his nature and circumstances of the offense, the characteristics of the defendant; and the sentence must and in this case definitely needs to be serious, because he was in possession of a weapon and he was a prior felon; and the sentence must respect the law; it must provide just punishment; and it must provide adequate deterrence, and as well as protect the public from further crimes of the defendant.

So, in this case we have a possession of a weapon, which is very serious. And it seems that Mr. Louis was an ongoing criminal, a recidivist as [government counsel] called him, and that needs to be considered as well. So, a significant punishment must be entered in this case.

So, for those reasons, and pursuant to the Sentencing Reform Act, it's my judgment that Mr. Louis is hereby committed to the custody of the Bureau of Prisons, for a term of 98 months. And he shall be placed on supervised release for a term of three years.

App. at 145-46.

Louis summarized his contentions in his opening brief on this appeal as follows.

Jermaine Louis argued [in the District Court] that the firearms Guideline did not reflect an exercise of the United States Sentencing Commission's institutional expertise, resulting in an excessive sentencing range in his case. He made the argument in writing and at sentencing. He amply supported the argument. And he explained why the flaws in the Guideline mattered in his particular case. The District Court listened to the argument, but failed to acknowledge it, much less express any meaningful consideration of it.

This Court [of Appeals] has repeatedly stated that sentencing courts need not independently analyze the history of a Guideline to ensure that it reflects the Sentencing Commission's expertise. At the same time, however, this Court requires a sentencing court to meaningfully consider all colorable challenges to a Guideline sentence. A fair reading of this Court's

3

precedent, therefore, reveals that this Court has not exempted arguments about the Guidelines themselves from the meaningful consideration and response requirement where a defendant challenges the applicability of the Guidelines under the specific circumstances of his case. By remaining silent in the face of such an argument, the District Court abdicated its responsibility to meaningfully consider Mr. Louis's challenge. The District Court's silence constitutes procedural error requiring reversal and remand.

Appellant's br. at 15.

The government summarized its answer to Louis's argument as follows:

Despite receiving a sentence below the Guidelines range, Louis filed a 41-page brief to this Court, arguing solely that the District Court procedurally erred by not delving into the Sentencing Commission's rationale for amending (with Congressional approval) a Guideline provision over two decades ago. But over two years ago, this Court definitely held that sentencing courts need not engage in such analysis, United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009), and this Court (and others) have repeatedly re-affirmed that holding in both precedential and non-precedential opinions. Despite the central importance of Lopez-Reyes to this appeal, Louis discusses it only briefly, and does not do so until page 36 of his brief. Because Lopez-Reyes controls, this Court should reject Louis' challenge, reaffirm Lopez-Reyes (yet again), and find that the District Court did not abuse its discretion by imposing the below-Guidelines sentence in this case.

Appellee's br. at 5 (emphasis in original).

It became evident from the government's argument in its brief that in its view Lopez-Reyes is a critical case to be considered on this appeal. It is thus not surprising that in his summary of his argument in his reply brief Louis set forth that:

The District Court failed to respond to Mr. Louis's argument that an amendment to the firearms guideline compounded the impact of his prior convictions and resulted in an excessive sentencing range for him. The government does not claim otherwise. A straightforward application of the well-established principle that district courts must respond to colorable arguments compels this Court to vacate the sentence.

4

Instead, the government argues that the Court should affirm the sentence, based on the statement in United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009), cert. denied, 130 S.Ct. 2362 (2010), that sentencing courts need not engage in extensive analysis of the development of a guideline in order to satisfy the meaningful consideration and response requirement. That proposition is at odds with United States Supreme Court and Third Circuit precedent, does a disservice to the evolution of the guidelines and ability of appellate courts to review a sentence, and is fundamentally unfair to a criminal defendant entitled to an individualized sentence.

The record below presents this Court with an opportunity to reiterate that the argument that a guideline does not produce a fair sentence in an individual case is (1) subject to the meaningful consideration and response requirement, (2) important in an advisory guidelines system, and (3) appropriately directed to district courts.

Appellant's reply br. at 1-2.

Although the sentencing guidelines since United States v. Booker, 543 U.S. 220, 125 S.Ct.738 (2005) have been advisory only, the district courts nevertheless start the sentencing calculations by calculating a defendant's guideline range and ruling on any motion for departures. They then impose the sentence after taking into account the statutory sentencing factors in 18 U.S.C. § 3553(a). See United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010). Accordingly, there is no doubt that though only advisory, the guidelines remain important after Booker and establish a starting point for a court to consider when imposing a sentence.

After considering the parties' arguments, we reject Louis's appeal. Though Louis concedes that sentencing courts need not independently analyze the history of a guideline to ensure that it reflects the Sentencing Commission's expertise, he correctly points out that a court should consider all colorable challenges to a guidelines sentence. He then

5

goes on to contend that a court may entertain challenges to the guidelines themselves and that a court should respond when a defendant "challenges the applicability of the Guidelines under the specific circumstances of his case." Appellant's br. at 15. In point of fact, however, though the District Court in this case did not characterize its sentencing considerations as entertaining a challenge to the guidelines, by varying downwards from the guidelines range and sentencing below its bottom level, the Court did what Louis wanted. It considered the applicability of the guidelines to the specific circumstances of his case and then imposed an individualized sentence. Indeed, it appears that Louis's argument, though carefully and fully presented, is more about nomenclature than substance, as there is no meaningful distinction between a court saying that it accepts a challenge to a guideline and a court indicating, as the District Court did here, that in sentencing it is varying from a guideline. Finally, we note that our examination of the presentence report hardly suggests that the Court abused its discretion in imposing the sentence, as the sentence seems to have been quite appropriate.

The judgment of conviction and sentence entered on October 7, 2011, will be affirmed.