NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2876
_____

UNITED STATES OF AMERICA

v.

JAHLIL THOMAS,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-11-cr-00745-001)
District Judge:  Honorable Esther Salas

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2013

BEFORE:  JORDAN, GREENBERG, and NYGAARD, *Circuit Judges*

(Filed: June 25, 2013)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Jahlil Thomas appeals from a judgment of sentence entered by the District Court, challenging the substantive reasonableness of the District Court's 262-month term of imprisonment. For the reasons set forth below, we will affirm.

Thomas pleaded guilty to a three-count criminal information that charged him with conspiracy to commit carjacking, with the substantive offense of carjacking, and with brandishing a weapon in furtherance of the carjacking. After a thorough sentencing hearing, the District Court sentenced Thomas to a 262-month term of imprisonment. Thomas filed a timely notice of appeal.[1]

We review sentences for both procedural and substantive unreasonableness, and apply an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). District courts are to follow a three-step sentencing process: (1) calculate the applicable Sentencing Guidelines range; (2) formally rule on any departure motions; and (3) exercise their discretion by considering the relevant 18 U.S.C. § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). "We will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided.'" *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (quoting *Tomko*, 562 F.3d at 568).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The District Court in this case followed all three steps outlined above. After discussing the factors it deemed relevant, and noting the defense's thoughtful and "well put together sentencing memorandum," the District Court acknowledged that it could grant either a departure or a variance, but in the exercise of its discretion, chose to do neither. The District Court imposed a bottom-of-the-Guidelines range sentence of 262 months' imprisonment.

On appeal, Thomas argues that his sentence was greater than necessary to satisfy the § 3553(a) factors. While he conceded that the District Court's sentence was at the bottom of his applicable Guidelines range, Thomas contends that the Career Criminal Enhancement in the Guidelines is too harsh. His challenge fails because the District Court was not required to engage in an independent analysis of the validity of a particular Guideline. *United States v. Lopez–Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). His argument that he was entitled to some form of leniency is likewise meritless.

Thomas does not challenge the procedural reasonableness of his sentence. We have little trouble holding that the District Court's sentence is substantively reasonable. The record reflects the District Court's rational and meaningful application of the § 3553(a) factors to the circumstances of this case. The Court provided an evaluation of the relevant § 3553(a) factors as applicable to Thomas and explained how it reached its sentencing decision. The District Court fashioned its Guidelines sentence based on "appropriate and judicious consideration of the relevant factors," *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) and imposed a bottom-of-the-Guidelines-range

3

sentence. Accordingly, we cannot conclude that Thomas's sentence was substantively unreasonable.

For the foregoing reasons, we will affirm the order of the District Court.