**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  13-4524
_____


UNITED STATES OF AMERICA

v.

MARCOS SERAFIN-ARROYO,
a/k/a MARCO ANTONIO SERAFIN ARROYO,
a/k/a ACEVEDO MURILLO-CLEOFAS,
a/k/a JUAN M. HERNANDEZ ARROYO,
a/k/a JOHN DOE

                          Marcos Serafin-Arroyo,
                                        Appellant


        _____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 1-13-cr-00033-001)
District Judge:  Honorable Maurice B. Cohill, Jr.

        _____


Submitted under Third Circuit LAR 34.1 (a)
on July 11, 2014


(Opinion filed: August 5, 2014)


Before:  RENDELL, CHAGARES and JORDAN, <u>Circuit Judges</u>

## O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

Marcos Serafin-Arroyo pled guilty to one count of Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326. The District Court sentenced him to 41 months imprisonment, within the Guideline range. Serafin-Arroyo now appeals his sentence, arguing that the District Court committed a procedural error by failing to give a sufficient explanation for denying his request for a variance from the Guideline range. We will affirm the District Court's sentence.

### I. Background

Serafin-Arroyo was driving on I-90 when he was pulled over for having a defective temporary tag on his car. Serafin-Arroyo admitted to the apprehending officer that he was in the country illegally, and as a result, was arrested. Serafin-Arroyo had previously been deported due to a drug trafficking conviction in Nevada. He also has an extensive criminal history, including multiple drug and drunk driving related offenses.

Serafin-Arroyo's base level offense was 8, but based on his more than 13 month sentence for the Nevada drug conviction, he received a 16 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). His offense level was reduced by 3 for acceptance of responsibility, bringing his total offense level to 21. His 3 criminal history points resulted in a criminal history category of II. Accordingly, his Sentencing Guideline range was 41-51 months imprisonment.

At the sentencing hearing, Serafin-Arroyo did not contest the calculation of his Guidelines range, but instead offered a policy argument to justify a downward variance. He suggested that the District Court question the Sentencing Commission's decision to recommend the 16-level enhancement, and come to its own conclusion as to whether or not there were good reasons for such an enhancement. Referencing *Kimbrough v. United States*, Serafin-Arroyo asserted that a district court has the authority to vary from a Guidelines range for policy reasons. 552 U.S. 85, 101 (2007). According to Serafin-Arroyo, the fact that the Commission never offered any reasoning to support this 16-level enhancement justified the Court's rejecting it. He urged that someone who reenters the country illegally is not as dangerous as a "convicted felon who has a gun," who would only get a 6-level enhancement, thus further demonstrating the unjust nature of this enhancement. (Serafin-Arroyo App. 43.)

In response, the Government pointed to this Court's holding in *United States v. Lopez-Reyes* that interprets *Kimbrough* to allow for such a rejection of the Guidelines, but does not require it. *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). The Government further argued that *Lopez-Reyes* makes clear that the district court should not have to delve into the history of the Guidelines to satisfy itself that they make sense, but instead, can defer to the institutional authority of the Commission. Consequently, the government urged, the District Court should accept the enhancement, because it is appropriate in light of the criminal history of this Defendant.

Following these arguments, the Court said it "ha[d] to agree with the government." (Serafin-Arroyo App. 50.) The Court sentenced Serafin-Arroyo to 41 months

3

imprisonment, a sentence within the Guidelines range. The District Court gave particular weight to Serafin-Arroyo's repeated illegal reentries and his extensive criminal history, explaining that this sentence was calculated to "discourage him from any attempted reentries." (Serafin-Arroyo App. 52.)

## II. Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review a district court's sentence for abuse-of-discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In *United States v. Tomko*, we recognized that it is not an abuse of discretion for a district court at sentencing to hear extensive argument on an issue and then to rely on and reference such arguments when immediately thereafter announcing the sentence. 562 F.3d 558, 568-69 (3d Cir. 2009)(en banc).

On appeal, Serafin-Arroyo argues that the District Court committed the procedural error of "failing to adequately explain the chosen sentence" by not specifically stating its reason for refusing the variance request in addition to the explanation offered for the sentence itself. (Appellant's Br. at 17.) Serafin-Arroyo urges that the District Court's "very brief ruling makes it unclear that the [D]istrict [C]ourt properly understood the request for a variance" from the Guidelines range. (Appellant's Br. at 3.)

There is nothing in the record to suggest that the District Court failed to consider or understand the request for a variance. Indeed, the Court listened to arguments on the variance issue from both parties before stating it agreed with the Government. Moreover, the Court specifically stated that it came to the sentence after "considering the parties'

4

arguments and statements here today." (Serafin-Arroyo App. 51.) This acknowledgement does not suggest that the District Court did not "consider[] the parties' arguments [or] ha[ve] a reasoned basis for exercising his own legal decisionmaking authority." (Appellant's Br. at 17. (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))) To the contrary, it is clear that the District Court fully understood the variance request and then addressed it by agreeing with the Government's position and citing Serafin-Arroyo's criminal history as the reason for choosing a within-range sentence. Accordingly, we find that the District Court did not abuse its discretion.

## III. Conclusion

For the foregoing reasons, the District Court's sentence is affirmed.