NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2960 and 14-3800
_____

UNITED STATES OF AMERICA

v.

BRYAN JACOBS
a/k/a "Brianna"
a/k/a "xbriannas89x"
a/k/a "xBriannaS89x"

Bryan Jacobs,
            Appellant

_____

On Appeal from United States District Court
for the District of New Jersey
(D.N.J. No. 1-10-cr-00801-001)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2015

Before:  FISHER, CHAGARES, and COWEN, *Circuit Judges*.

(Opinion Filed: May 4, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Bryan Jacobs pled guilty to one count of receipt of child pornography. The District Court sentenced Jacobs to 240 months of incarceration—the statutory maximum for this crime—and imposed restitution in the amount of $75,000. He appeals the reasonableness of his sentence and the amount of restitution imposed. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Jacobs pretended to be a teenage girl to convince minor boys to send him pictures of themselves in sexually explicit poses. He also extorted some boys into sending him pictures of themselves. In one instance, Jacobs threatened to share a minor's pictures with the minor's friends if he did not send Jacobs more pictures; in another instance, Jacobs threatened to accuse a minor of posting child pornography on a website if the minor did not send pictures. Jacobs posted the images on websites and used them to trade for more images of child pornography. At the time of his arrest, Jacobs had over 11,000 images and almost 300 videos of child pornography.

A federal grand jury in the District of New Jersey indicted Jacobs on five counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a); four counts of

2

receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Jacobs pled guilty to one count of receipt of child pornography. The child pornography referred to in this count was of one specific minor victim, whom we will refer to as Child Victim 1.

At the sentencing hearing, the District Court calculated Jacobs's Sentencing Guidelines range to be 324 to 405 months, based on an offense level of 41 and a criminal history category of I. But because the statutory maximum for the offense was 20 years, the District Court set the Guidelines range at 240 months.[1] After affording Jacobs and the United States an opportunity to argue for what an appropriate sentence would be, the District Court imposed a sentence of 240 months of incarceration to be followed by 15 years of supervised release. The District Court set a hearing to determine whether restitution was appropriate for the harm done to Child Victim 1 and, if so, the amount of restitution. After the hearing, the District Court issued an order setting Jacobs's restitution at $75,000 and an opinion explaining its order. Jacobs filed a timely appeal from both his sentence and the restitution order.

---

[1] *See* 18 U.S.C. § 2252A(a)(2)(A) & (b)(1); U.S.S.G. § 5G1.1(a) (stating that when the statutory maximum sentence is less than the Guidelines range, the maximum sentence is the Guidelines sentence).

II.

The District Court had jurisdiction over this criminal action under 18 U.S.C. § 3231. We have appellate jurisdiction over Jacobs's challenge to his sentence and the restitution order under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the procedural and substantive reasonableness of Jacobs's sentence for abuse of discretion.[2] We review a challenge to the appropriateness of restitution for abuse of discretion and the amount of loss for clear error.[3]

III.

A.

In reviewing a defendant's sentence, we first ensure that the sentence was procedurally reasonable, and then we ensure that it was substantively reasonable.[4] A district court commits no procedural errors when it 1) correctly calculates the applicable Guidelines range; 2) rules on any motions for departure and states how the departure affects the Guidelines range; and 3) after hearing argument from the parties on an appropriate sentence, considers the 18 U.S.C. § 3553(a) factors to determine the

---

[2] *See United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). An abuse of discretion occurs when the District Court's decision "rests on a clearly erroneous finding of fact, an error of law, or a misapplication of law to the facts." *Marco v. Accent Publ'g Co.*, 969 F.2d 1547, 1548 (3d Cir. 1992).

[3] *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007); *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003).

[4] *Tomko*, 562 F.3d at 567.

appropriate sentence and places its reasoning on the record.[5] Jacobs says that the District Court made two procedural errors here. First, he argues that the District Court miscalculated his Guidelines range by including inapplicable enhancements. And second, he argues that the District Court did not consider his arguments in favor of a lesser sentence when it evaluated the § 3553(a) factors.

First, with respect to the District Court's Guidelines calculation, he has waived his challenges. On appeal, he challenges three Guidelines enhancements: a two-level enhancement under U.S.S.G. § 2G2.2(b)(2), for images involving a prepubescent minor or a minor less than 12 years old; a six-level enhancement under § 2G2.2(b)(3)(D), for distributing images to a minor to induce the minor to engage in illegal activity; and a four-level enhancement under § 2G2.2(b)(4), for images that portrayed sadistic or masochistic conduct. Jacobs objected to these enhancements initially,[6] but he affirmatively "dropp[ed]" these objections in his sentencing memorandum.[7] Jacobs

---

[5] *Id.*
[6] Presentence Report at 39-41.
[7] App. at 57.

intentionally abandoned a known right and has waived his objections.[8] Therefore, we will not review them.

Second, the District Court meaningfully considered the arguments Jacobs now raises in evaluating the § 3553(a) factors. Jacobs complains that the District Court did not consider his alleged disadvantaged childhood, his incarceration in a non-federal institution, his remorse and ability to be rehabilitated, and the alleged inadequacy of the child pornography Guidelines in determining an appropriate sentence. This is not correct. The District Court did meaningfully consider these arguments in determining an appropriate sentence.[9] Jacobs merely disagrees with the District Court's ultimate evaluation of the § 3553(a) factors. That is a challenge to the substantive reasonableness of the District Court's sentence.

---

[8] *See United States v. Olano*, 507 U.S. 725, 733 (1993). Jacobs suggests that he did not pursue these objections because the United States "threat[ened]" that Jacobs would lose credit for acceptance of responsibility and that the United States might withdraw from the plea agreement. Appellant's Br. at 37. With respect to the enhancements Jacobs now argues were incorrect, the United States only made this "threat" with respect to Jacobs's objection to the § 2G2.2(b)(3)(D) enhancement. Presentence Report at 40-41. The United States's "threat" was that Jacobs had stipulated that this enhancement would apply in the plea agreement; objecting to the enhancement could be construed as breaching the plea agreement, allowing the United States to withdraw from it, or as Jacobs's failure to accept responsibility for the offense. *Id.* Given that the United States's position is supported by the plea agreement, App. at 97, we see no basis to excuse Jacobs's waiver.

[9] App. at 313-15 (discussing Jacobs's alleged disadvantaged childhood); App. at 328-29 (discussing Jacobs's incarceration in a non-federal institution); App. at 313, 321 (discussing Jacobs's acceptance of his responsibility for the crime and "good use of his time in prison"); App. at 319-21 (discussing the alleged inappropriateness of the child pornography Guidelines).

In reviewing the substantive reasonableness of a sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[10] We have no difficulty concluding that Jacobs's sentence was substantively reasonable under this standard. Jacobs defrauded and extorted minors into creating child pornography of themselves. The District Court heard testimony of the impact that his conduct had on his victims. He also accumulated a large library of child pornography. The District Court did not abuse its discretion in finding that the culpability of Jacobs's conduct required the sentence imposed even in light of the arguments and evidence Jacobs presented at the sentencing hearing.[11]

B.

Under 18 U.S.C. § 2259, the District Court was required to order restitution for Child Victim 1's losses that Jacobs's criminal conduct proximately caused.[12] Here, the District Court found that Child Victim 1's losses amounted to $60,000 for past medical expenses—mental health counseling beginning in 2006—and $15,000 for future medical expenses. Jacobs presents two challenges to the District Court's award. First, he says that the District Court should not have awarded restitution for medical expenses incurred

---

[10] *Tomko*, 562 F.3d at 568.

[11] With respect to the appropriateness of the child pornography Guidelines, we have held that a district court does not need to investigate the empirical justifications of those Guidelines if it agrees with the range they indicate. *See United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). The District Court concluded that because it found the Guidelines range appropriate in this case, no inquiry was necessary. App. at 320-21. This was not error.

[12] *See Paroline v. United States*, 134 S. Ct. 1710, 1718-19, 1722 (2014).

before Child Victim 1 learned in 2009 that he actually sent pictures to Jacobs who distributed and posted those pictures on the Internet because those expenses must not have been related to Jacobs's conduct. And second, he says that insufficient evidence supported the $60,000 award for past medical expenses.

We see no error in requiring Jacobs to make restitution for medical expenses Child Victim 1 incurred before learning in 2009 that he had communicated with Jacobs. From Child Victim 1's perspective, before 2009, someone had induced him into taking pictures of himself at the age of 13 in sexually explicit poses. This person also extorted him into taking more pictures of himself by threatening to send the pictures to Child Victim 1's friends. And Child Victim 1 had discovered that this person had lied about his or her identity while they were still communicating.[13] We agree with the District Court that it was "highly probable" Child Victim 1 required therapy for the harm he suffered even before learning exactly with whom he corresponded and what Jacobs had done with the pictures.[14] Accordingly, the District Court correctly determined that Jacobs's conduct "was a substantial factor in causing" Child Victim 1 to seek counseling starting before learning Jacobs's identity, and, therefore, restitution was appropriate.[15]

---

[13] App. at 367.
[14] App. at 33.
[15] *United States v. Crandon*, 173 F.3d 122, 126 (3d Cir. 1999).

8

As for Jacobs's challenge to the amount of medical expenses included in the restitution order, our review is for clear error.[16] Jacobs must show that the figure is "'completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'"[17] Jacobs argues that the amount of restitution for the years 2006 through 2011 had no evidentiary basis because the Government did not produce billing records from this period. However, Child Victim 1's mother submitted a statement saying that her family had paid approximately $60,000 for his mental health counseling over this period.[18] This figure was corroborated by partial records and was the best she could do given the loss of records over time. In light of these circumstances, this "reasonable approximation" was satisfactory, and the $60,000 restitution for past medical expenses was not clearly erroneous.[19]

## IV.

For the reasons set forth above, we will affirm Jacobs's sentence and the order of restitution.

---

[16] *Vitillo*, 490 F.3d at 330.

[17] *Id.* (quoting *United States v. Haut*, 107 F.3d 213, 218 (3d Cir. 1997)).

[18] Jacobs has not challenged the use of Child Victim 1's mother's unsworn statement at the restitution hearing either before the District Court or on appeal. Accordingly, any objection is waived.

[19] *United States v. Seligsohn*, 981 F.2d 1418, 1423 (3d Cir. 1992), *superseded by statute on other grounds by* U.S.S.G. § 1B1.11(b)(2); *United States v. Hand*, 863 F.2d 1100, 1104 (3d Cir. 1988) ("Difficulties of measurement do not preclude the court from ordering a defendant to compensate the victim through some restitution.").