NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1199
_____

UNITED STATES OF AMERICA

v.

JOHN GRZYMINSKI,
              Appellant
_____


On Appeal from the District Court
for the Eastern District of Pennsylvania
D.C. Criminal No.  2-12-cr-00465-001
(Honorable Stewart Dalzell)


_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2013

Before: HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed: November 14, 2013)


_____


OPINION OF THE COURT
_____

**SCIRICA**, *Circuit Judge*

Defendant John Grzyminski pleaded guilty to possession of unregistered firearms in violation of 26 U.S.C. § 5861(d). He appeals his sentence of 30 months imprisonment, 3 years of supervised release, a fine of $500, and a special assessment of $100. Because his sentence was procedurally and substantively reasonable, we will affirm.

I.

On May 9, 2012, Grzyminski's mother, Catherine Wilson, returned to the house she shared with her son after a brief hospital stay. Upon arriving, Wilson and her other son, Michael Grzyminski, discovered defendant had openly displayed numerous guns around the house. Soon after, defendant got into an argument with Wilson and Michael, which prompted Wilson to call the Warrington Township police. The police informed Wilson and Michael they could not remove the firearms because Grzyminski had a license to possess them.

After the police left, Wilson and Michael noticed a pipe bomb sitting on the kitchen counter with a butane lighter nearby. Wilson called the police again. In addition to the Warrington police, the Philadelphia Police Department Bomb Disposal Unit and the Bureau of Alcohol, Tobacco, Firearms, and Explosives responded to the scene. After evacuating the neighborhood, the Bomb Disposal Unit searched the house and discovered two more pipe bombs in a spare bedroom upstairs. Grzyminski left the scene during the Bomb Disposal Unit's search, but the Solebury Township police arrested him without incident the next day.

On September 17, 2012, Grzyminski pleaded guilty to one count of possession of

2

unregistered firearms in violation of 26 U.S.C. § 5861(d) for possession of the three pipe bombs. At his plea hearing, defendant told the court he used pipe bombs for recreational purposes on July 4th and New Year's Eve.[1] Based on his offense level and criminal history category, the United States Probation Office in its Presentence Investigation Report calculated an advisory Guidelines range of 30 to 37 months imprisonment.[2]

At the sentencing hearing on January 4, 2013, Grzyminski requested a sentence of time served—at the time, 8 months. He argued the Guidelines range was "excessive" because he did not intend to hurt anyone and did not have a criminal history. (App. 20.) The Government contended a Guidelines sentence was appropriate based primarily on the circumstances of the offense—in particular, leaving a pipe bomb near a lighter, which required law enforcement to evacuate the neighborhood. After hearing from the Government, defense counsel, and Grzyminski himself, the District Court sentenced him to 30 months imprisonment, 3 years of supervised release, a fine of $500, and a special assessment of $100. This timely appeal followed.[3]

## II.

Grzyminski contends the District Court's Guidelines range sentence of 30 months imprisonment was procedurally and substantively unreasonable. He argues the sentence

---

[1] In an interview with the Warrington police after his arrest, defendant said he used pipe bombs to hunt bears and threw them into lakes for entertainment.

[2] Grzyminski had an adjusted offense level of 19 and a criminal history category of I.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

was procedurally unreasonable because the court did not meaningfully consider his personal characteristics and the circumstances of the offense. He contends the sentence was substantively unreasonable because the court did not reasonably apply the sentencing factors set forth in 18 U.S.C. § 3553(a).

As the party challenging the sentence, Grzyminski has the burden of showing unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We review the procedural and substantive reasonableness of the District Court's sentence for abuse of discretion. *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Our review of a district court's sentencing decision has two steps. We first review the sentence for procedural error, which requires ensuring the district court "(1) correctly calculated the defendant's advisory Guidelines range, (2) appropriately considered any motions for a departure under the Guidelines, and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 411 (citation omitted). If the sentence is procedurally sound, we then review for substantive reasonableness. *Id.* Under the highly deferential abuse of discretion standard, a sentence is substantively reasonable if "'the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *Tomko*, 562 F.3d at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

Turning first to the procedural reasonableness of Grzyminski's sentence, he does not argue the District Court incorrectly calculated his Guidelines range or improperly considered any motions for a departure. Accordingly, we only address his argument that

4

the court did not give meaningful consideration to the sentencing factors set forth in § 3553(a), namely, his personal characteristics and the circumstances of the offense.

Here, the District Court considered these factors in great depth during the sentencing hearing. The court raised defendant's lack of criminal history and the severity of his offense in its initial interaction with defense counsel. (*See* App. 20 ("This is quite a puzzling matter to me because, on the one hand, your client has no criminal record to speak of, but, on the other hand, when he decided to go over the line, he did it big time.").) The court and defense counsel then discussed this juxtaposition between the severity of the offense and defendant's lack of criminal history for the next six pages of the sentencing transcript. (*Id.* at 20–21.) Finally, the court addressed these factors with Grzyminski himself before imposing its sentence. (*Id.* at 22).

Although Grzyminski disagrees with the weight the court accorded his personal characteristics and the circumstances of the crime, the record shows the court meaningfully considered these factors in its sentencing decision. Because the sentence was procedurally reasonable, we evaluate whether it was substantively reasonable.

The record reflects the District Court's "'rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *Tomko*, 562 F.3d at 568 (quoting *Grier*, 475 F.3d at 571). The court took into account Grzyminski's lack of criminal history, weighed this factor against other § 3553(a) factors, including the nature and circumstances of the crime and the need to protect the public by deterring similar

5

conduct, and concluded a sentence at the bottom of the Guidelines range was justified.[4]

Defendant argued his crime should be punished less severely because he intended to use the pipe bombs for recreational, not criminal, purposes. Despite defendant's characterization of his actions, the court was troubled by several aspects of the offense. The court highlighted that Grzyminski placed three pipe bombs in a home in a residential area and left one of the bombs near a butane lighter. (App. 20, 22.) In addition, the court noted his actions "horrified" his mother and "hugely affected" his neighbors, as they had to evacuate their homes while law enforcement searched defendant's house and disabled the bombs. (*Id.* at 22.) The court also stressed the need to protect the public by deterring others from engaging in similar conduct. (*See id.* ("[W]e absolutely have to protect the public from crimes like this and deter people, whether because [using pipe bombs is] amusing or people think it's amusing.").)

---

[4] In an argument first raised on appeal, Grzyminski contends the current Guidelines range is substantively unreasonable because it is not based on empirical data or experience. (Br. Appellant 17–18 (citing *Kimbrough v. United States*, 552 U.S. 85 (2007)).) While not entirely clear, his argument appears to be that the current Guidelines range is unreasonable because the firearm offense to which he pleaded guilty was punished less severely in the past. (*Id.*) Because defendant failed to raise this objection at sentencing, we review for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002).

Defendant's argument rests on an incorrect reading of *Kimbrough*. As we explained in *United States v. Lopez-Reyes*, 589 F.3d 667 (3d Cir. 2009), "*Kimbrough* does not require a district court to reject a particular Guidelines range *where that court does not, in fact, have disagreement with the Guideline at issue*." *Id.* at 671 (emphasis added). The District Court never, at any time during Grzyminski's sentencing, voiced a policy disagreement with the sentencing Guideline applicable to a conviction for possession of an unregistered firearm. Nor did the District Court commit plain error in failing to consider the historical development of the unregistered firearm sentencing Guideline. *See id.* (noting that "a district court is not required to engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline.").

Based on the § 3553(a) factors, the court found sentencing defendant at the bottom of the Guidelines range was "warranted." (*Id.* at 22.) Because this 30-month sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

III.

For the foregoing reasons, we affirm the judgment of conviction and sentence.