**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2821
_____

UNITED STATES OF AMERICA

v.

HENRY CARCAMO, also known as Henry Carcano,
also known as Henri Carcamo,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-13-cr-00704-001)
District Judge:  Honorable Faith S. Hochberg

Submitted under Third Circuit LAR 34.1(a)
January 23, 2015

Before:  RENDELL, SMITH and KRAUSE, <u>Circuit Judges</u>

(Opinion filed: January 29, 2015)

O P I N I O N[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL,** <u>Circuit Judge</u>**:**

Appellant Henry Carcamo appeals his 57-month prison sentence, which was imposed when he pled guilty to illegal re-entry subsequent to the commission of an aggravated felony in violation of 18 U.S.C. §§ 2, 1326(a) & (b)(2).  We will affirm.

## I.  Background

Carcamo is a Honduran citizen and national with no legal status in the United States.  In June 2003, he was convicted of first degree robbery, an aggravated felony pursuant to 18 U.S.C. § 1101(a)(43)(G), and was deported.  Subsequently, Carcamo reentered the United States illegally and was arrested for simple assault in February 2013. The Government charged Carcamo with, and he pled guilty to, illegal re-entry subsequent to commission of an aggravated felony.  Carcamo unsuccessfully argued for a downward variance, claiming the 16-level offense level increase for illegally re-entering the United States subsequent to a conviction for an aggravated felony, U.S.S.G. § 2L1.2(b)(1)(A), is overly harsh.  The uncontested Guidelines range was determined to be 57-71 months; no departure was requested; and, the District Court sentenced Carcamo to 57 months. Carcamo now appeals the substantive reasonableness of this sentence.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  When reviewing a sentence on appeal, we first determine whether the sentencing court

2

committed a serious procedural error.[1] *Gall v. United States* 552 U.S. 38, 51 (2007). Next, we "review the substantive reasonableness of [a] sentence under an abuse-of-discretion standard," and "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable . . . we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

### III. Discussion

The base offense level under § 2L1.2 is 8, but under § 2L1.2(b)(1)(A), a previous deportation after a conviction for a violent felony adds 16, making the base level, before adjustments, 24. Carcamo makes three arguments against this guideline sentencing scheme, urging that (1) the 16-level sentencing increase is overly harsh; (2) it double counts priors; and (3) it is not supported by empirical research concerning deterrent efficacy or any other variable relevant to the purposes of sentencing.

Carcamo's arguments mirror those presented to us in *United States v. Lopez-Reyes*. In *Lopez-Reyes*, the defendant was deported after pleading guilty to robbery and was later charged with illegally re-entering the United States subsequent to a conviction for the commission of an aggravated felony, to which he pled guilty. *United States v. Lopez-Reyes*, 589 F.3d 667, 669 (3d Cir. 2009). The District Court imposed a 46-month sentence within a Guideline range of 46-57 months. *Id*. at 669-670. On appeal, he challenged the illegal re-entry Guideline scheme for convicted felons, stating: "[1] § 2L1.2 imposes a base offense level that is equal to or greater than the level applied to those convicted of violent felonies, [2] that it unfairly counts criminal history twice, and

---

[1] Appellant makes no claim of a procedural error.

[3] that it overstates a defendant's potential for dangerousness and risk of recidivism." *Id.* at 671-72 (internal quotation marks omitted). In rejecting these arguments, we accepted the District Court's determination that "the Sentencing Commission and Congress have determined [that § 2L1.2(b)(1)(A)] meets the goals of sentencing" and, absent evidence to the contrary, the court need not depart from the advisory guideline range. *Id*. at 671. We noted that "[t]he applicable Guidelines range here is not rendered unreasonable simply because § 2L1.2 establishes a base offense level for a nonviolent offense that is equal to or greater than that of certain violent offenses." *Id*. at 672.

In addition, "the Guidelines explicitly note when double counting is forbidden," and they do not do so here. *Id.* Finally, regarding the alleged overstatement of recidivism, we have noted that a sentence can be imposed to deter the defendant specifically, "as well as provide general deterrence to others." *Id.* Carcamo's sentence can reasonably be seen as providing specific as well as general deterrence.

Having previously determined the scheme to be reasonable, we reject Carcamo's arguments. Here, the District Court correctly followed the relevant sentencing Guidelines in determining Carcamo's sentence.[2]

Carcamo also argues that, given his employment and family life, the court should have been lenient. We have found that a sentence at the low end of the sentencing range awards credit for work history and presence of family. *Id.* By sentencing him to the low

---

[2] The United States Probation Office recommended Carcamo's advisory Guideline range to be 57 to 71 months imprisonment, and neither party objected to this range.

end of the sentencing range, the District Court appropriately took Carcamo's hardship into account and did not abuse its discretion.

## IV. Conclusion

Accordingly, we will affirm the District Court's sentencing order.