**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3536
_____

UNITED STATES OF AMERICA

v.

SEAN VINCENT GLASSER,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 5-14-cr-00384-001)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2016
_____

Before: FUENTES, SHWARTZ and BARRY, Circuit Judges

(Opinion Filed: September 8, 2016)
_____

OPINION*
_____

BARRY, Circuit Judge

---

*   This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sean Vincent Glasser appeals his sentence of 90 months' imprisonment following his guilty plea to four counts of child pornography. He argues that his sentence is (1) procedurally unreasonable because it is based upon clearly erroneous factual determinations about the offense conduct and because the District Court failed to give meaningful consideration to his arguments for mitigation; and (2) substantively unreasonable because it was longer than necessary to satisfy the purposes of sentencing. We will affirm.

## BACKGROUND

On July 2, 2015, Glasser pleaded guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1); two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). In brief summary, on September 15, 2013, the National Center for Missing and Exploited Children was informed by Facebook that Glasser had uploaded an image of child pornography to his online Facebook page. Thereafter, Glasser's home computer was searched and was found to contain approximately fifty child pornography videos and 59,725 images of child pornography and child erotica. The images and videos were downloaded using a file sharing program called "FrostWire" and were stored in a folder on the desktop entitled "Special." A38-39. Glasser entered an open guilty plea and was sentenced on October 14, 2015.

It is undisputed that with a total offense level of 34 and a criminal history category of I, Glasser's Guidelines range was 151-188 months. Glasser argued for a downward variance to the mandatory minimum of sixty-months' imprisonment, based on his remorse; the long-lasting effects of having been bullied and socially isolated, as a little boy, by his classmates because of his race; his psychological issues; his efforts toward rehabilitation, which included post-arrest psychotherapy and medical treatment; his family support; the supposedly flawed aspects of the U.S.S.G. § 2G2.2; and the conclusion of his treating psychologist, Dr. Curt Nicholson, that he presents a low risk of reoffending. The government argued for a sentence within the applicable Guidelines range, relying upon the number of images Glasser possessed, the use of peer-to-peer technology, the use of "sophisticated encryption technology", and his involvement in child pornography over "many, many years." A177.

Dr. Nicholson, in his lengthy testimony on Glasser's behalf at the sentencing hearing, stated that Glasser was "not the typical pedophile", and that viewing child pornography was Glasser's "primary mode for relieving his anxiety and for gaining fantasies of punishment." A198, 202. According to Nicholson, when Glasser viewed child pornography, he identified with the victims, whom he viewed as "being punished, as he deserved to be punished, for his rogue sexuality." A197. On cross-examination, Nicholson testified that Glasser did not tell him how vast his collection was, nor the violent nature of those images and videos. Nicholson also testified that Glasser admitted to rubbing the buttocks and genitals of children while at a water park, and to touching the

3

genitals and buttocks of a ten-year-old girl in another instance. He did not, however, consider these incidents to be relevant to his treatment of Glasser because they were "about different issues" and occurred many years earlier. A214.

After the District Court also heard testimony from Glasser's father, mother, wife, and Glasser himself, it imposed a sentence of 90 months' imprisonment, a term of supervised release of 20 years, restitution of $2,500, a fine of $2,000, and a special assessment of $400. In granting Glasser's request for a variance, the Court stated that the advisory Guidelines range was "too much," and that it would vary downward based on Glasser's conduct after his arrest, his family support, his treatment, and "based upon the fact that the other arguments made by defense counsel that some of the enhancing factors do kind of merge together in some cases." A260. The Court, however, determined not to vary downward to the full extent requested by the defense, stating:

> I simply cannot agree to sentence the defendant to the mandatory minimum of five years in this case. Your conduct is much worse than the conduct in many other cases where the defendants get five years. The fact that you used FrostWire and advanced technology is disturbing to the Court. Again, the sheer volume of images, the types of images. . . . So an extensive period of imprisonment certainly is necessary to serve as a deterrent to you or others and just punishment for what you have done.

A259. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review, in this case, the procedural reasonableness of a

criminal sentence for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255, 258 (3d Cir. 2014) (en banc) ("hold[ing] that, in a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review.") Plain error requires a showing that (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected substantial rights, that is, the error affected the outcome of the proceedings. *Johnson v. United States,* 520 U.S. 461, 467 (1997). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 46 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

## ANALYSIS

Where a claim of procedural unreasonableness has been made, we must ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall*, 552 U.S. at 51). For a sentence to be procedurally reasonable, a district court must demonstrate "meaningful consideration

5

of the relevant statutory factors and the exercise of independent judgment," *United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007) (en banc), and "respond to colorable arguments with a factual basis in the record," *United States v. Merced,* 603 F.3d 203, 224 (3d Cir. 2010). A major variance from the Guidelines requires a more significant justification than a minor one. *Gall,* 552 U.S. at 50.

Glasser argues that his sentence was procedurally unreasonable because the District Court relied upon what Glasser claims were clearly erroneous factual determinations about his conduct, and because it failed to give meaningful consideration to several of his arguments for a lower sentence. The "factual determinations" to which Glasser alludes are based upon the Court's determination that Glasser's conduct was "much worse than the conduct in many other cases where the defendants get five years," because Glasser "used FrostWire and advanced technology" and because of the "volume . . . [and] types of images." A259. Glasser contends that the Court mischaracterized FrostWire as "advanced technology," in contrast to "more sophisticated offenders" who create private trading communities. App. Br. at 17-22. He also asserts that the Court erred in concluding that the number of images he possessed made this case different, because, he states, technology makes it possible for offenders to accumulate large collections of images regularly. He asserts, as well, that the Court failed to give meaningful consideration to several of his arguments, including those about his childhood exposure to pornography, his anxiety disorder, his remorse, his amenability to rehabilitation, his low risk of recidivism, and his legal challenges to U.S.S.G. § 2G2.2.

6

The District Court followed proper sentencing procedure while imposing an eminently reasonable sentence. It provided a concededly accurate calculation of Glasser's Guidelines range while noting its advisory nature, and heard testimony from several members of Glasser's family, Dr. Nicholson, and Glasser himself, thereafter granting his request for a variance, and sentencing him to a term of imprisonment that was 61 months less than the minimum of the applicable Guidelines range.

We simply make the following observations. However "FrostWire" is categorized in terms of sophistication, it is still a file-sharing computer program, not a simple internet search, which facilitated Glasser's and many other offenders' stockpiling of tens of thousands of images of child abuse and pornography. Moreover, the District Court carefully addressed most of the numerous factors that Glasser presented in mitigation when it explained why the variance was granted. *See* A260. The Court provided its reasons for its rulings and was not required to disregard § 2G2.2 for policy reasons if it did not disagree with it. *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009); *see United States v. Grober*, 624 F.3d 592, 609 (3d Cir. 2010) ("[I]f a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis."). "[W]e must have an explanation from the district court sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008). That being said, "[t]his does not mean that the sentencing court is required to 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear

7

the court took the factors into account in sentencing.'" *United States v. Thornhill*, 759 F.3d 299, 311 (3d Cir. 2014) (quoting *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007)). The record is certainly clear that it did.

And, of course, a district court's decision is "accord[ed] great deference," when being reviewed for substantive reasonableness. *United States v. Lessner,* 498 F.3d 185, 204 (3d Cir. 2007). We will affirm a procedurally sound sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Glasser argues that the sentence imposed was longer than necessary to comply with the purposes of sentencing. He contends that the supposed procedural errors at his sentencing led to a substantively unreasonable sentence, relying on our decision in *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009). In that case, we found that the district court erred by basing its sentence entirely on the nature of the crime and failing to consider the nature and characteristics of the offender, when we stated, "it is exceedingly difficult to review this sentencing transcript without becoming convinced that the district court was so appalled by the offense that it lost sight of the offender." *Id.* at 549.

Here, however, the District Court did not solely focus on the nature of Glasser's offenses and it gave him an unfettered opportunity to present evidence in support of mitigation. He did so. As noted above, the Court cited several of Glasser's arguments regarding his nature, background, and characteristics when explaining why it granted his

8

request for a substantial variance. And it stated: "I've listened very closely, I've read a lot of things, I've listened to all the people that have testified here today, and I see a man who has admittedly struggled with his sexual obsessions, his sexual addiction, his propensity for minors, for a young age." A258. The sentence imposed was procedurally sound and substantively reasonable.

## CONCLUSION

The judgment of the District Court will be affirmed.