**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3992
_____

UNITED STATES OF AMERICA

v.

JOHN GREENE,
                              Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-10-cr-00041-001)
District Judge:  Honorable Richard P. Conaboy

Submitted Under Third Circuit LAR 34.1(a)
on April 24, 2012

Before:  SLOVITER and ROTH, <u>Circuit Judges</u>
and POLLAK*, <u>District Judge</u>

(Opinion filed: May 21, 2012)

    *Honorable Judge Louis H. Pollak, Senior Judge of the United States District
Court of the Eastern District of Pennsylvania sat by designation.  Judge Pollak died on
May 8, 2012; this opinion is filed by a quorum of the court pursuant to 28 U.S.C. § 46
and Third Circuit IOP 12.1(b).

## OPINION

**ROTH,** <u>Circuit Judge</u>:

John Greene appeals the District Court's October 19, 2011, judgment of sentence. Greene argues that his sentence is substantively unreasonable because the District Court abused its discretion by according undue weight to the child pornography Sentencing Guidelines and by refusing to grant a downward variance based on his medical condition. For the following reasons, we will affirm the sentence imposed by the District Court.

## I.  **Background**

Following an investigation into child pornography, the Federal Bureau of Investigation established that Greene had purchased access to child pornography websites.  On February 8, 2010,  agents executed a search warrant at Greene's residence and seized computer-related materials which included videos and over 2,400 images of child pornography.  Greene admitted that he stored child pornography images which he purchased online.

On February 16, 2010, Greene was indicted on one count of receiving child pornography in violation of 18 U.S.C. §2252(a)(2).  On January 31, 2011, pursuant to a plea agreement, Greene pled guilty to the charge.

In the Pre-Sentence Report (PSR), the probation officer calculated a total offense level of 35 and criminal history category of I, resulting in an advisory Guidelines range of 168 to 210 months.  Both Greene and the government conceded that the advisory range

was properly calculated. Greene submitted a memorandum requesting a downward departure from the applicable Guidelines pursuant to U.S.S.G. § 5H1.4 and a variation from the Guidelines pursuant to 18 U.S.C. § 3553(a) based on his age and medical infirmities which include achondroplastic dwarfism, severe osteoporosis of both legs, chronic pain, hypertension and depression.

At the sentencing hearing on October 18, 2011, the District Court denied Greene's motion on the basis that a downward departure or variance would rarely be based on age and medical conditions, especially in cases where, as here, the defendant suffered from the illness while he committed the illicit acts. After considering the factors set forth in U.S.C. § 3553(a), the District Court sentenced Greene to 168 months in prison, a life term of supervised release and participation in a sex offender treatment program. The court explained that it had considered Greene's age and physical infirmity in imposing the sentence at the lower end of the Guidelines range.

Greene appealed.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the substantive reasonableness of a sentence for abuse of discretion and will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

## III. Discussion

Greene does not challenge the procedural reasonableness of the sentence but argues that it is substantively unreasonable because the District Court gave undue weight to the child pornography Sentencing Guidelines and failed to grant a downward variance based on his medical conditions.

First, Greene contends that the child pornography Guidelines under U.S.S.G. § 2G2.2 merit minimal deference because they are not supported by empirical data, or nationwide experience.[1] *See United States v. Grober*, 624 F.3d 592, 608 (3d Cir. 2010). We emphasized that our decision in *Grober* concerning § 2G2.2 does not require that district courts "will always recommend an unreasonable sentence, and district courts must, of course, continue to consider the applicable Guidelines range." *Id.* at 609. Thus, our holding in *Grober* recognized that district courts have the discretion to consider variances based on the view that the Guidelines are flawed but district courts are not required to do so. Here, the District Court properly calculated the sentencing range, treated the range as advisory, and extensively considered the factors under § 3553(a) in imposing the sentence.

Second, Greene argues that the District Court abused its discretion by failing to reasonably apply the § 3553(a) factors to Greene's particular circumstances and by only cursorily stating that the Bureau of Prisons and Government would be able to manage his

---

[1] The government argues that plain error review is applicable because Greene failed to raise this argument before the District Court. We affirm even under the abuse of discretion standard, so we assume without deciding that Greene's claim that he raised the issue before the District Court is true.

medical conditions. Contrary to Greene's claims, the District Court noted that it had carefully considered the memoranda submitted by both parties as well as counsel's arguments and explained at length the § 3553(a) factors that justified a sentence of 168 months. Because Greene suffered from his medical conditions while repeatedly engaging in criminal conduct, the District Court rejected the arguments that his medical conditions warranted a downward variance but took them into account when imposing a sentence at the lower end of the sentencing range. Considering all the relevant factors, including Greene's past criminal record which involved abuse of children and the need to protect the public, the District Court properly imposed the sentence for 168 months.

We conclude that the sentence imposed by the District Court was well within its discretion and decline to find the sentence substantively unreasonable.

## IV. **Conclusion**

For the foregoing reasons, we will affirm the judgment of sentence entered by the District Court.