NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1172
_____

UNITED STATES OF AMERICA

v.

KIRK MICHAEL MASLANKA

Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-17-cr-00149-001)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2019

Before: AMBRO, KRAUSE, and FUENTES, Circuit Judges

(Opinion filed: January 22, 2019)

_____

OPINION[*]
_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kirk Maslanka appeals his sentence of 121 months' imprisonment after pleading guilty to receipt and possession of child pornography. He claims the sentence was substantively unreasonable. We disagree and thus affirm.

## I. Background

In September 2015 federal agents identified an Internet Protocol address associated with Maslanka as having accessed and downloaded hardcore child pornography from an online bulletin-board website. Based on the IP address, federal agents obtained and executed a warrant to search Maslanka's residence in Kutztown, Pennsylvania, where they found electronic equipment containing, among other things, more than 105 images and 56 videos of child pornography, including videos and photographs depicting the rape of infant children. When confronted, Maslanka told the agents he was not responsible for the child pornography and suggested on two separate occasions that his sons might be to blame. Eventually Maslanka confessed to having downloaded and viewed the child pornography and pled guilty in the District Court to one count of receipt of it in violation of 18 U.S.C. § 2252(a)(2) and one count of its possession in violation of 18 U.S.C. § 2252(a)(4)(B).

At sentencing the District Court established a base offense level of 22, with a net enhancement of eight points—for an adjusted offense level of 30—based on (1) a two-point enhancement under U.S.S.G. § 2G2.2(b)(2) because some images portrayed children under the age of 12, (2) a four-point enhancement under U.S.S.G. § 2G2.2(b)(4) because some images portrayed sadistic and masochistic conduct or other depictions of violence, (3) a two-point enhancement under U.S.S.G. § 2G2.2(b)(6) because Maslanka's

crimes involved the use of a computer or interactive computer service, (4) a five-point enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because his collection involved more than 600 images, (5) a three-point reduction under U.S.S.G. § 3E1.1 for his timely acceptance of responsibility, and (6) a two-point reduction under U.S.S.G. § 2G2.2(b)(1) because his conduct was limited to receipt and possession of child pornography and did not involve distribution. The advisory Guidelines range was 97 to 121 months' imprisonment.

As noted, the District Court entered a sentence of 121 months. It considered Maslanka's requests for a downward variance and rejected them. In particular, the Court stated that a sentence at the top of the Guidelines range was appropriate because Maslanka's collection included more than 4,300 images, "vastly exceeding the 600 images required for an enhancement under the [G]uidelines," (App. 86), some of which depicted the rape of infants and other sadistic acts. It also noted Maslanka's decision on two occasions to blame his own sons for the child pornography as weighing against a lower sentence.

## II.     Discussion[1]

We review the substantive reasonableness of a sentence for abuse of discretion and affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko,* 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*). As the party challenging the sentence, the defendant "has the burden of demonstrating unreasonableness." *Id.* at 567.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Maslanka makes three primary arguments. None is persuasive given our deferential standard of review.

First, he argues the District Court erred by failing to apply U.S.S.G. § 2G2.2 with "great care" as contemplated by our decision in *United States v. Grober*, 624 F.3d 592, 607 (3d Cir. 2010). This argument leans heavily on the U.S. Sentencing Commission's criticism of the enhancements under U.S.S.G. § 2G2.2, which we discussed at some length in *Grober*, 624 F.3d at 602–09. But that decision addressed whether a district court can grant a downward variance from a Guidelines range based on its policy disagreement with the enhancements in U.S.S.G. § 2G2.2; it does not restrain a district court's discretion to decline a defendant's request for a downward variance based on the Sentencing Commission's criticisms of those enhancements. *See id.*; *accord United States v. Lopez–Reyes*, 589 F.3d 667, 671 (3d Cir. 2009). Nor was the District Court required to perform an independent analysis of the empirical or policy underpinnings of U.S.S.G. § 2G2.2, a congressionally enacted Guideline. *See Lopez–Reyes*, 589 F.3d at 671. To the contrary, the Court needed to consider expressly the Guidelines range calculated in the course of crafting an appropriate sentence under 18 U.S.C. § 3553(a). *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). That is what it did here.

Second, Maslanka contends the sentence is unreasonable because it is higher than sentences imposed on similarly situated defendants. This argument rests on a comparison of his sentence to sentencing statistics compiled by the U.S. Sentencing Commission. But this comparison does not carry the day. Although Maslanka's sentence is near the top end of the statistics compiled by the Commission, we have affirmed similar or longer

prison terms for within-Guidelines sentences based on convictions similar to what we have here. *See, e.g.*, *Greene*, 468 F. App'x 173, 175 (3d Cir. 2012) (affirming 168-month sentence based on guilty plea to one count of receiving child pornography); *United States v. Ziegler*, No. 18-1033, 2019 WL 103790, at *3 (3d Cir. Jan. 4, 2019) (affirming 180-month sentence based on guilty plea to possession and receipt of child pornography, the same counts present here). We do not believe that Maslanka's sentence is so far above the sentences for similarly situated defendants as to conclude that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Third, Maslanka argues that his sentence is contrary to § 3553's "overarching instruction" to district courts to impose a sentence no greater than necessary to achieve the purpose of sentencing. It is true a sentence must be "sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (quoting 18 U.S.C. § 3553(a)). But we cannot say the District Court committed an abuse of discretion in ruling that a within-Guidelines sentence of 121 months struck the proper balance in this case. As noted, the Court expressly considered the various mitigating circumstances raised by Maslanka at sentencing—including his troubled personal history, his confession of guilt, and his prompt submission to mental health treatment. It concluded, however, that the severity of the offense—including the number of images, the presence of infant abuse and sadistic acts in some images, and Maslanka's attempts to pin the crimes on his sons—was such that a downward variance

5

was not appropriate.  For those same reasons the Court reached a sentence at the top of the Guidelines range.  Although we may not have chosen the same sentence in the first instance, we cannot say the Court abused its discretion in weighing the § 3553 factors as it did in this case.

*    *    *    *    *

We hold Maslanka's sentence was not substantively unreasonable and thus affirm.