NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-2442

———————————

UNITED STATES OF AMERICA

v.

DAVID CARBONARO,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-18-cr-00565-001)
District Judge:  Honorable Chad F. Kenney

———————————

Submitted under Third Circuit LAR 34.1(a)
on July 7, 2022

Before: SHWARTZ, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 22, 2023)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, <u>Circuit Judge</u>

David Carbonaro pleaded guilty to producing, possessing, and distributing child pornography. The District Court sentenced Carbonaro to 265 months' imprisonment, lifetime supervised release, and $38,000 in restitution. He contends that the District Court erred in imposing this within-the-guidelines sentence because the court applied two sentencing enhancements that were inapplicable for policy reasons. He also argues that the sentence of 265 months was substantively unreasonable under the circumstances. We disagree and will affirm the judgment of sentence.

**I.**

Carbonaro had a particularly difficult childhood. His mother and stepfather physically abused him, which resulted in child protective services stepping in. Carbonaro's maternal half-brother also abused him both physically and sexually.

As a child, Carbonaro was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), Tourette's Syndrome, a possible bicipital brain disfunction, and Asperger's Syndrome, which is an Autism Spectrum Disorder. When he was fifteen years old, Carbonaro tried to commit suicide. He received medication for anxiety and depression but stopped treatment at eighteen due to lack of insurance. He was later diagnosed with Adjustment Disorder with Mixed Anxiety and Major Depressive Disorder and again was placed on medication. Despite his harsh upbringing and mental health conditions, Carbonaro graduated from high school in 2011. He also managed to obtain and keep a job at Wegmans.

When he was twenty years old, Carbonaro moved in with his girlfriend, Kayla Parker. Parker had a daughter, who stayed with Carbonaro and Parker from January 2015 to November 2015. During this time, Carbonaro sexually abused his girlfriend's daughter, a toddler, and directed his girlfriend to participate in the abuse. Carbonaro photographed the daughter in various illicit poses. He touched her inappropriately and directed his girlfriend to do the same so that he could visually record the exploitation.

In addition to manufacturing his own child pornography, using his girlfriend's daughter, he shared images online of other female toddlers being directed to engage in sexually explicit poses. His child pornography collection exceeded 7,000 images. After Carbonaro pleaded guilty to producing, distributing, and possessing child pornography, the District Court sentenced him to 265 months' imprisonment. Carbonaro appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's order for abuse of discretion.[1]

## III.

First, Carbonaro contends that the District Court erred by overruling his objections to sentencing enhancements for (1) using a computer and (2) possessing more than 600 images of child pornography. Carbonaro acknowledges that these enhancements were

---

[1] *See, e.g.*, *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc); *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008).

applicable but argues that the District Court should have declined to apply them on policy grounds.

He asserts that these enhancements apply in most child pornography cases because using a computer is almost inherent in child pornography cases since the invention of the Internet. In addition, the use of a computer means that a very large number of images of child pornography are available at the click of a button. For this reason, the possession of more than 600 images enhancement should also not apply. The District Court rejected these arguments, finding that a variance was not warranted given Carbonaro's conduct in this case. We hold that the District Court did not abuse its discretion by declining to grant a variance based on Carbonaro's policy disagreement with the guidelines.[2]

Next, Carbonaro contends that his sentence was unreasonable under the circumstances. In reviewing a sentence for substantive reasonableness, we will "affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[3] We must give due deference to the District Court's judgment, and the burden rests on Carbonaro to show the unreasonableness of the sentence.[4]

---

[2] *See United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cor. 2009) ("As this Court has made clear, however, [precedent] does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue.").

[3] *Tomko*, 562 F.3d at 568.

[4] *United States v. Cooper*, 437 F.3d 324, 330–32 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Carbonaro asserts that his sentence, which is within the guideline range, is unreasonable because it is greater than necessary to achieve the goals of sentencing. We disagree. As we have previously held, a sentence is substantively reasonable when "the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors."[5] It is not enough that a different court could have concluded that a lower sentence would have been more appropriate.[6] Because the sentence was within the guideline range, we apply a presumption of reasonableness.[7]

As we have repeatedly recognized, the sentencing judge "is in a superior position to find facts and judge their import under [28 U.S.C.] § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."[8] Here, the sentencing judge considered Carbonaro's personal history and mental health conditions, but also cited Carbonaro's sexual exploitation of a toddler, the lifelong impact of Carbonaro's crime on this child and the other victims of his child pornography offenses, his voluminous collection of child pornography, and the need to protect children from him.

---

[5] *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).
[6] *See Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.")
[7] *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (explaining that the "sentence was within the applicable Sentencing Guidelines range and thus is presumptively reasonable").
[8] *Tomko*, 562 F.3d at 561 (citation and internal quotation marks omitted).

That the District Court disagreed with Carbonaro's assessment of what the appropriate range should be does not render the sentence unreasonable.[9]  Therefore, we hold that the sentence imposed by the District Court was substantively reasonable.

## IV.

For these reasons, we will affirm the District Court's judgment of sentence.

---

[9] *United States v. Lessner*, 498 F.3d 185, 204–05 (3d Cir. 2007) (holding that the district court's decision "not to give such mitigating factors the weight that [the defendant] contends they deserve does not render her sentence unreasonable").